ARESTINE C. HAPGOOD V. A. G. G. MORTEN.

1. BLOCKS, *Considered Town Lots; Tax-Sale Notice, Fee for.* Where the proprietor of forty acres of land adjacent to Fort Scott, laid out the same as a town and platted the land into blocks, calling it "Williamstown," and reserved in the plat parcels of ground for streets and other purposes, and also numbered the blocks, one of which embraced five acres and the others smaller parcels of land, and fixed the width of the streets, and thereafter duly acknowledged and recorded the map or plat· in the office of the register of deeds of the county where the town or addition is situate, *held,* that the blocks so numbered are to be considered town lots, and in publishing any notice of the sale of any one of them for taxes, only the fee should be charged therefor specified for publishing a notice of sale of a town lot.

2. No TEN-CENT FEE *for Selling.* The county treasurer, in selling land and town lots at tax sale, is not authorized by the statute to include a fee of ten cents "for selling" each tract of land or town lot.

### Error from Bourbon District Court.

ACTION in the nature of ejectment, brought by *A. G. G. Morten* against *Arestine C. Hapgood*, March 17, 1881, to recover possession of block No. 2, in Williamstown, Bourbon county, and being five acres of land adjacent to the southern portion of the city of Fort Scott. At the May Term of the district court of Bourbon county for 1881, a trial was had and judgment rendered for the defendant; but the plaintiff demanded another or second trial in accordance with the provisions of the statute, and the court set aside the judgment, granted another trial, and continued the cause to the succeeding term. Thereafter, at the December Term of the court for 1881, and on the 4th day of February, 1882, the cause came on for trial by the court, before Hon. W. C. W., judge *pro tem.*, a jury being waived. The court, having heard the evidence and arguments of counsel, made findings and rendered judgment as follows:

"That at and prior to the commencement of this action, the said plaintiff was and still is the lawful owner in fee simple, and entitled to the immediate possession of the premises here-. inafter mentioned and described; that said defendant, ever

since September 30, 1880, has and still does unlawfully detain the possession of the same from the said plaintiff, and during said time has and still does unlawfully enjoy the use, rents and profits thereof.

"Said defendant claims under a tax deed issued on the 13th day of February, 1880, and there is due to defendant upon said tax deed for taxes, interest, and penalty, the sum of $61.30, (sixty-one dollars and thirty cents.)

"It is therefore by the court considered, ordered and adjudged, that the said plaintiff A. G. G. Morten have and recover of and from the said defendant Arestine C. Hapgood all that part and parcel of land situated in Bourbon county, state of Kansas, and described as follows, to wit: Block No. 2, in Williamstown, in said county of Bourbon, Kansas, as designated upon the recorded plat thereof; also, that said possession be not given to plaintiff; until he pay into said court for the use of defendant the said sum of $61.30, as is aforesaid found due to said defendant for her taxes, penalties and interest upon said lands as aforesaid, with seven per cent. interest per annum from this date."

Upon judgment being rendered for plaintiff, the defendant excepted, and brings the case here.

*Ware & Ware,* for plaintiff in error.

*S. Brinkerhoff,* county attorney, for Bourbon county.

*J. D. McCleverty,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is urged on the part of plaintiff in error (defendant below) that Morten, defendant in error (plaintiff below), could not maintain an action for the recovery of the possession of the real estate in controversy. It is conceded that on July 15, 1876, one J. M. Emmert and wife conveyed the premises to Morten by warranty deed; that Emmert's title was perfect from the government, as shown by the chain of title introduced, except it is alleged that as Emmert, on the 17th day of January, 1874, executed a bond for a deed of this land to one Daily; that the ownership and equitable title thereof passed at that time from Emmert to Daily, and as the bond was duly recorded in the office of the

register of deeds of Bourbon county, that Morten took his conveyance with full notice of the record; that he is not entitled to possession, and at most can only be considered an equitable mortgagee, merely holding the legal title as a security for the payment of the balance of the purchase-money. *Courtney v. Woodworth*, 9 Kas. 443; *Rld. Co. v. Wilder*, 17 Kas. 240, and *Kuhn v. Freeman*, 15 Kas. 423, are cited to sustain this position. In the first place, plaintiff in error makes no claim to possession or title under the bond dated January 17, 1874, nor is he the grantee of said Daily therein named, nor does he hold or claim title, interest or possession from Daily. His title, if he has one, is superior to Morten's and Daily's, and is based upon an alleged tax deed issued to one James Newbury on the 13th day of February, 1880.

Second: In all the cases above referred to, the vendors executing the title bond put the purchasers into possession of the premises. In this case it is not shown that Daily was ever put in possession of the premises, or ever had any actual possession thereof. The bond provided that $400 was to be paid on or before the 1st day of January, 1875, according to a promissory note executed by Daily to Emmert, and further provided that Emmert, within a reasonable time after the note was paid, should execute to Daily a good and sufficient deed for the premises, and thereon the bond was to be void. The deed was to be executed, however, upon the condition that the balance of the purchase-money was paid at the time it was due. So, as Morten had the legal title and was entitled thereby to the possession of the premises until the contrary appeared, unless plaintiff in error had a valid tax deed, the first objection of counsel is fruitless.

The other question concerns the validity of the tax deed. This was filed for record on February 13, 1880, a little over one year before this action was brought. The trial court adjudged the tax deed invalid for several reasons, among others, because there were excessive sums intentionally included within the amount for which the land was sold at the tax sale. (*Quigley v. Comm'rs of Sumner Co.*, 24 Kas. 293; *Genthner v.*

*Lewis,* 24 Kas. 309.) It appears from the evidence that the sum of $8.35 shown in the tax-sale book as being the amount necessary to redeem, included twenty-five cents for publishing notice of the sale of the land for taxes, and also included ten cents for selling the land. The charge of twenty-five cents for notice of sale is attempted to be justified by plaintiff in error, upon the ground that the land was a tract and not a town lot. (Comp. Laws 1879, ch. 39, p. 445, § 17.) The evidence is otherwise. On August 11, 1873, Joseph Williams with his wife Kate, then the owners of the premises and other land, duly platted forty acres of the northeast quarter of section 31, township 25, range 25, adjacent to the city of Fort Scott, into blocks, calling the same "Williamstown." The plat thereof was by them duly acknowledged and recorded as required by law. The plat set out the parcels of ground reserved for streets and other public purposes, and also the blocks intended for sale. The blocks were all numbered, and the width of the streets was given. The blocks were of different sizes, but the block in controversy contained five acres. As the town was laid out under the provisions and terms of the statute concerning the plats of cities and towns, and as the map or plat thereof was duly acknowledged and filed for record, the block was within the statute a lot, although it embraced five acres of land, and the land in controversy should have been designated in the notice of sale for taxes as a town lot. (Comp. Laws 1879, ch. 78, pp. 588–9.) Before the laying-out and the platting of the said forty acres as the town of Williamstown, that tract would have been assessed as a single tract of land; after the plat of the town was of record, it should have been listed and valued as lots and blocks. (*Bruce v. McBee,* 23 Kas. 379.) Before being platted, if any notice of the sale thereof for taxes had been required, the whole tract could have been embraced in a single notice of sale, and for publishing the notice the printer would have been entitled to the fee of twenty-five cents. After being platted for each lot or block, upon which the taxes were delinquent, a separate notice of sale was required

by the statute, and for publishing the notice for each lot or block the printer would have been entitled to ten cents only. In assessing the lot or block for taxes, and in advertising the same for sale, there was no need of having it described as being in section 31, township 25, and range 25. The county officials cannot change a town lot into a tract of land by merely adding to the proper description thereof according to the plat filed the section, town and range in which it is located, and if they describe it at such unnecessary length, the fee for publishing the notice of sale thereof for taxes is not thereby increased above the statutory fee for publishing the notice of the sale of a town lot. The land is described in the tax deed as "block No. 2, in the town of Williamstown, in section 31, township 25, range 25 — five acres, situated in the county of Bourbon and state of Kansas." If the map or plat of Williamstown is to be disregarded, then there would not be a sufficient description of the property within the deed; but as the town of Williamstown has been platted and recorded, the description as "block No. 2, in the town of Williamstown, county of Bourbon and state of Kansas," renders the tax deed definite and complete. Counsel for plaintiff in error claim that the fee charged for selling contemplated the fee of the treasurer for issuing a tax-sale certificate. If the evidence of the witness upon this matter was incorrect, other evidence should have been produced to establish that the fee of ten cents was included for making the certificate to the purchaser.

It is finally claimed that if the fee was actually charged for selling, that the law authorized the collection of such a fee. (Sec. 109 of the tax law.) The legislature has not specified any amount as a fee for the mere selling of property at tax sales, and therefore we must hold that such a fee is without statutory warrant, and unlawful. "The costs of advertising and the fees for selling" must be interpreted to refer to those fees only specially named in the statute. The other alleged defects of the tax deed need not be noticed.

The judgment of the court below will be affirmed.

All the Justices concurring.