JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, LINDLEY M. GARRISON, EDMUND B. LEAMING, JAMES E. HOWELL AND EDWIN R. WALKER, VICE-CHANCELLORS.

MARGARET FITZSIMMONS

*v.*

EUPLIO BONAVITA et al.

[Decided May 19th, 1910.]

1. Revision 1903 (*P. L. 1903 p. 480 § 55*) makes the fees and expenses of a tax sale part of the tax lien which shall be paid by the purchaser. Section 56 provides for the payment of fees of the county clerk for entering and indexing the purchaser's certificate of sale, or, at his option, for

recording the certificate.as a mortgage, in proceedings to perfect his title under a tax sale. Section 57 permits the owner to redeem within two years from the sale by paying the purchaser the amount of purchase-money shown on the certificate, with twelve per cent. interest, together with such other fees and expenses as may be incurred by the purchaser under this act. Section 58 permits redemption by payment to a designated officer, where the purchaser does not cancel the certificate on proper tender. Section 59 permits the purchaser to bar the right of redemption by serving written notice to redeem upon the persons interested, and if not redeemed pursuant to the notice, permits the purchaser to annex the notice and affidavit of service to the certificate of sale, with an affidavit of non-redemption, and file them in the clerk's office, where they shall be recorded as a deed; and also provides an additional remedy by foreclosure in equity.—*Held*, that no fees and expenses of the tax sale can be charged against the owner unless definitely fixed by the statute, and expenses incurred for searching the record in order to give the notice.required by section 59 in proceedings to foreclose the equity of redemption cannot be charged against the owner as a condition to the redemption of the land.

2. A construction of a Tax act which makes the amount payable on redemption uncertain should not be adopted unless that be the clear intention of the act.

3. The tax and warrant for sale for non-payment thereof, when taken together, conclusively determine the amount due upon redemption, and the execution for raising the amount with definite fees.

4. As a rule, costs and expenses incurred in legal proceedings must be authorized by statute in order to impose them on a defendant in addition to the debt or obligation.

5. Where an owner, on the refusal of the purchaser at a tax sale to accept his tender of redemption, filed the affidavit required by Revision 1903 (*P. L. 1903 p. 431* § *58*), and received his certificate of redemption which was filed February 21st, 1907, his rights in the property became vested and were not affected by *P. L. 1907 p. 459*, enacted May 15th, amending section 57 thereof.

On bill to foreclose tax lien. Heard on bill, answer, replication and proofs.

*Mr. John Francis Cahill* and *Mr. John A. Bernhard,* for the complainant.

*Messrs. Sweeney & Scoppettone,* for the defendants.

EMERY, V. C.

This bill is filed by the purchaser at a tax sale against the owners of the property sold, and two holders of mortgages thereon, to

foreclose the equity of redemption, and is filed under the provisions of section 59 of the act for the assessment and collection of taxes. *Rev. 1903; P. L. 394, &c.* The substantial dispute is whether before filing the bill the owner tendered to the purchaser the amount she was entitled to receive under the act for the redemption of the lands. The land, assessed at the value of $200, was taxed for $4.52, and on October 19th, 1906, was sold to complainant for the term of one thousand years for $7.57. This latter sum includes the fees and expenses of the sale, which, by the fifty-fifth section of the act (*P. L. 1903 p. 430*), are definitely fixed and are made part of the tax lien and required to be paid by the purchaser. There are also fixed by section 56 of the act certain definite fees or costs for proceedings which may be taken by the purchaser at the sale to complete his title. These are fees of the county clerk for entering and indexing the purchaser's certificate of sale, or at the purchaser's option, for recording the certificate as a mortgage.

The fifty-seventh section provides that the owner may redeem the lands within two years from the date of sale, by paying to the purchaser the amount of purchase-money shown on the certificate, with twelve per cent. interest thereon, "together with such other fees and expenses as may be incurred by the purchaser under this act," and on the purchaser receiving such payment from the owner, the sale is declared void. If the purchaser, on proper tender, does not cancel the certificate, redemption may be made (section 58) by paying to an officer designated, with an affidavit showing the right to redeem, and paying him one per cent. of the amount for his compensation. The owner in this case, on February 10th, 1907, tendered to the purchaser the sum of $10.87, being $7.57 for the purchase-money in the certificate, thirty cents for interest and $3 to cover any additional fees and expenses under the act. The purchaser refused to accept this tender and demanded $10 as fees and expenses incurred under the act. This is claimed not as a fee or expense definitely fixed by the statute, but as a reasonable fee for the services actually performed by the purchaser's counsel in searching the title.

The act (section 59) provides as one method of barring the right of redemption, that the purchaser may serve written no-

tices to redeem upon the persons interested in the land, and that if not redeemed pursuant to the notice, the purchaser may annex the notice and affidavit of service to the certificate of sale with an affidavit of non-redemption and file the same in the county clerk's or register's office, where they shall be recorded as a deed, the notice, affidavit and record being presumptive evidence of the service and facts. The foreclosure in equity is made by the section an additional remedy which may be taken whether notice to redeem has been given or not. Notices to redeem were given in this case, and it is contended that inasmuch as the purchaser has the right to foreclose the equity of redemption by giving the notices, and in order to give them properly, must have the records searched, these expenses for searches are therefore to be included in "such other fees and expenses as may be incurred under the act," as payable on redemption, and it is further claimed that as the act does not fix the amount of these fees for searches, the purchaser is entitled on application to redeem, to reasonable fees and expenses, to be finally ascertained on proof in court, in case of dispute. Under this contention the amount payable on redemption is uncertain, and this construction of a tax act should not prevail, unless it is clearly the intention of the act. So far as the tax itself is concerned, and the fees and expenses of the sale to pay the same, there can be no question that the amount to be levied, either by way of tax or fees and expenses, must be certainly and definitely fixed by the Tax act itself, and that no fees or expenses except such as are definitely and clearly provided for in the law itself could be raised by sale, or imposed on the land. *Road Commissioners* v. *Freeholders of Hudson* (*Court of Errors and Appeals, 1883*), *45 N. J. Law* (*16 Vr.*) *173, 175.* The tax and the warrant for sale taken together are the final and conclusive adjudication of the amount due and the execution for raising the amount with definite fees. It has been held that expenses for raising the tax by way of sale cannot be added to the tax unless authorized by statute. *Hapgood* v. *Morlen, 28 Kan. 764;* cited *Black T. Tit.* (*2d ed.*) § *235,* \**298.* The question is whether on the redemption of a tax this principle of certainty in the amount to be paid is also required, and whether any fees or expenses incurred after the purchase other than those which are

specially provided for in the act can be demanded as a condition of redemption. In my judgment, they cannot, and in the absence of a clear and express legislative intent to the contrary, no fees or expenses other than those definitely fixed by the act should be required to be tendered. By an act of April, 1907 (*P. L. 1907 p. 459*), passed after the tender in this case, section 57 was amended and fees for searches in ascertaining the owners (not exceeding $10) are expressly allowed to the purchaser. There are certain fees for expenses incurred after the purchase, definitely fixed by the act, being (section 56) the clerk's fees for entering the certificate, and the fees for recording, which are also certain, these being fixed by the recording acts, and also the fees for affidavits and notices (when given), which are rendered certain by the Fees and Costs act. But nowhere does the act authorize a fee for searching the title to ascertain the owners, and although this may be a reasonable expense for the purchaser to incur in order to perfect his title, the expense of the search cannot be imposed on the owner as a condition of redemption, in the absence of a clear and express provision. The general rule as to costs and expenses incurred in legal proceedings, is that statutory authority is necessary to impose this burden on a defendant, in addition to the debt or obligation. The addition of costs and expenses to a tax, either by way of sale or redemption, calls, I think, for a strict enforcement of the rule. There is no dispute that the sum of $3 tendered was sufficient to cover any expenses of indexing or recording, or the fees of the notices covered by the statute, and, in my judgment, the tender was sufficient and should have been accepted. The owner, on the refusal to accept the tender, at once filed the affidavit required by the fifty-eighth section and received a certificate of redemption which was filed with the county clerk on the 21st day of February, 1907. The defendants' rights under the act therefore became vested before the act of 1907 and are unaffected thereby, and the complainant being, under section 58 of the act, entitled to receive from the city treasurer the redemption money upon the surrender of the certificate of sale, must be remitted to that remedy for recovering the money due him, and the bill to foreclose must be dismissed, with costs.