THE MOORE SECURITIES COMPANY, complainant-appellant,

*v.*

O. J. HAMMELL COMPANY and KARL SCHAFFER, defendants-respondents.

[Argued October 27th, 1924.   Decided January 19th, 1925.]

The procedure for foreclosure of a tax title prescribed by sections 46 *et seq.* of the Tax Sale Revision act of 1918 (*P. L. p. 883*) does not apply to cases where the sale for taxes has taken place before the act of 1918 went into effect.

On appeal from a decree advised by Vice-Chancellor Ingersoll.

*Mr. Clarence L. Cole*, for the appellant.

*Mr. John S. Wescott*, for the respondents.

The opinion of the court was delivered by

PARKER, J.

The bill is framed as a bill to foreclose a mortgage. The mortgage, its transfer to complainant, and the conveyance of the equity of redemption to the Hammell Company, were either admitted on the record or conceded at the hearing. The contested feature of the case relates to a sale of the mortgaged premises for taxes of 1914, admitted by complainant, and proceedings by Schaffer, the tax purchaser, to perfect his tax title over the mortgage, the efficacy of which proceedings complainant denied. The vice-chancellor filed a short memorandum stating that he was convinced that Schaffer complied with the statute, and by so doing became the owner of the premises clear of the lien of the mortgage sought to be foreclosed. The decree adjudges "that the complainants have no interest or estate or encumbrance upon said lands and premises or any part thereof," and that as to the lands (describing them), "so far as relates to any claim thereon by or on behalf of the said complainants, the title of the defendant Karl Schaffer, in and to the same and every part thereof, is hereby determined and fixed, and declared to be good, clear of the mortgage of the complainant sought to be foreclosed."

Such a decree is unusual in a foreclosure case. Without committing ourselves relative to its form and effect in other respects, we confine ourselves to the precise point raised by the argument and briefs, which is, did the vice-chancellor rightly decide that the tax title had been perfected so that the right of redemption originally existing in the mortgagee had been cut off?

The case was tried at the same time as *Moore Securities Co. v. Schaffer,* decided at the present term, and on the same oral testimony and the appropriate documents. But in the present case the defendant Schaffer produced the statutory affidavit of service of the notice to redeem by mailing. By section 59 of the Tax act of 1903 (*Comp. Stat. pp. 5137, 5138*) the notice and affidavits and the record thereof are presumptive evidence of the service and the facts therein

stated. The same clause has been carried into section 48 of the Tax Sale act of 1918. *P. L. p. 896.* We mention both acts because of the question presently to be discussed, whether the procedure of the act of 1903 or that of the act of 1918 applies in this case. Under either act the affidavit was presumptive evidence of its contents, and there was nothing in the testimony for complainant (abstracted in the other case) to impugn it successfully. It was admitted on both sides that the procedure to perfect the tax title had been taken under the act of 1903, and if that act applied, then the tax title stood as against the mortgage. If the act of 1918 applied, then the proceeding was defective, in that there was no publication as required by section 46 of that act. The act of 1918, chapter 237, page 883, called the "Tax Sale Revision," is confined to sales for unpaid taxes and other municipal liens, as distinct from the imposition and levy thereof. By section 59 it is to be deemed and taken to be a remedial act and to operate both prospectively and retrospectively and be liberally construed, &c. By section 61 inconsistent acts are repealed, but the repealer shall not affect any rights heretofore established or created; provided, however, that this section shall not be construed to prevent the continuance and completion under the laws in force at the time such proceedings were commenced of any other proceeding or proceedings not herein mentioned which may have been or may be pending, and remain unfinished and incomplete at the time this law shall take effect. Section 62 provides—

"This act shall take effect on the first day of July, nineteen hundred and eighteen, and its provisions shall extend to proceedings on and after that date relating to any taxes, assessments for improvements or other municipal charges, heretofore or hereafter assessed, or imposed or which became a lien before or after that date."

The sale for taxes was in 1916; the proceedings to perfect the tax title were in 1920; so that the act of 1918 intervenes. Two questions arise—(1) By the language of the act of 1918, is it intended to apply to proceedings taken to per-

fect tax titles originating in sales made before the act of 1918 (in this case 1916)? (2) If so, is the requirement that the notice be published as well as mailed, in the case of a non-resident owner, mortgagee, &c., unconstitutional as impairing the obligation of a contract?

We answer the first question in the negative, in view of the language of section 61. The repealer is not to affect any rights heretofore established or created. One of those rights was to acquire a tax title by mailing a notice to redeem, &c., without any requirement of publication. Moreover, the proviso saves any proceedings under the former law not complete at the time the act takes effect. The serving of notice to redeem is part of the tax sale "proceeding," which is completed only after notice is served, proof of service made and filed, and time for redemption has expired.

The purchaser correctly operated, therefore, under the act of 1903.

This conclusion renders it unnecessary to discuss the rather interesting constitutional question which would require consideration if our answer to the first question had been in the affirmative.

The result is that the decree under appeal should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.