The complainant, on July 8th, 1905, purchased at tax sale, held by the collector of taxes of the borough of Lavallette, Ocean county, New Jersey, the lands described in the bill of complaint. The bill to foreclose was filed by the complainant a few months prior to the expiration of the twenty-year period limited in the Tax act of 1903 for barring the right of redemption. After the bill was filed and an order of publication against absent defendants taken, the defendant Carrie M. Cressman applied to the solicitor of the complainant to redeem the property from the tax sale. Thereupon, without further pleadings, the cause was submitted to this court upon an agreed state of facts and under stipulation that the court might determine the question of law raised by the bill to foreclose, the offer to redeem and the agreed state of facts.
This state of facts shows that the tax sale above referred to was held under the provisions of the 1903 Tax act (4 Comp. Stat.p. 5065); that the complainant paid as the purchase price of said lands at said sale the sum of $4.60, which represented the taxes assessed against said lands for the years 1903 and 1904, together with interest and costs accrued thereon; that the tax sale was regular in every respect and that the complainant secured a valid and effectual tax certificate therefor which was dated July 14th, 1905, and duly recorded on August 21st, 1905, in the office of the clerk of Ocean county, in book 295 of deeds, page 96. Apparently, it was not recorded as a mortgage as provided in section 56 of the said Tax act, and the stipulation does not disclose whether the certificate was entered in the record of unpaid taxes for the taxing district by the county clerk as provided in said section. As this point, however, is not raised in the brief of counsel for the defendant, I shall assume, for the purpose of this decision, that the certificate was so entered in the record of unpaid taxes.
Subsequent to the tax sale the complainant paid taxes assessed against said lands from 1905 to 1924, both inclusive, including a street assessment in 1913 of $65.17, making a *Page 211 
total of municipal liens paid by the purchaser subsequent to the sale of $186.18. After the entry of the order of publication above referred to, the defendant tendered to the complainant the sum of $4.60, the amount shown by the certificate of tax sale to have been paid by him, together with clerk's fees for recording, interest thereon and costs of the suit. The complainant refused said tender and claimed to be entitled not only to the sum so offered but to all of the amounts paid by him for municipal liens subsequent to the tax sale, with interest on each of such payments, which, the complainant claimed, amounted to $357.20, besides the costs of suit. The purchaser at tax sale filed no proof with the collector of taxes of the borough of Lavallette of the amount of subsequent liens and expenses incurred, such as is required by P.L. 1918 § 43 ch. 237, until some time after this suit was begun, and after the tender above referred to was made. The sole question at issue here is whether or not the defendant is entitled to redeem upon payment to the complainant of the amount tendered representing the purchase-money shown on the certificate of tax sale, c., or whether she is also obliged to reimburse him for the subsequent municipal liens paid by him, with interest; and this raises the question as to whether or not the defendant's rights of redemption are controlled by the 1903 Tax act or by the tax sale revision of 1918. P.L. 1918 p. 883.
It is contended by counsel for complainant that the defendant's rights of redemption are determined by the 1918 act, and that, therefore, she has no right to redeem except upon payment of all subsequent taxes and municipal liens paid by the complainant, together with interest thereon and costs. On the other hand, counsel for defendant claim that defendant's rights are governed by the act of 1903; that that act requires the defendant to pay only "the amount of purchase-money shown on the certificate, with twelve per cent. interest thereon, together with such other fees and expenses," c., as provided in section 57 of the 1903 act, and cites, in support of such contention, the case of MooreSecurities Co. v. O.J. Hammell Co. et al., 97 N.J. Eq. 292. *Page 212 
The sale having been made under the act of 1903, the proceedings to foreclose were properly taken under that act.Moore Securities Co. v. Hammell et al., supra.; Welles v.Schaffer, 98 N.J. Eq. 31.
Section 57 of the Tax act of 1903, as it stood in 1905, at the date of the tax sale here in issue, reads as follows:
"The owner, mortgagee, occupant or other person having an interest in the land sold for taxes, may redeem the same at anytime within two years from the date of sale, or at any timethereafter until the right to redcem has been cut off in themanner hereinafter set forth, by paying to the purchaser or hislegal representative or assigns the amount of purchase-moneyshown on the certificate with twelve per cent. interest thereon,together with such other fees and expenses as may be incurred bythe purchaser under this act, and the purchaser, on receivingsuch payment, shall restore to the owner said land, and the saleshall be void, or where the redemption is by a mortgagee, or other persons having a lien on the land or not primarily liable to pay the tax, the person so paying shall succeed to the tax lien paid by him, and the purchaser shall, on receipt of the redemption money at the option of the party making the payment, either assign the certificate of sale by assignment under seal and acknowledged as a conveyance of land to the person redeeming, or execute a satisfaction of the certificate of sale or cancel the same by endorsement in the manner required by law to satisfy or cancel a mortgage, whereupon the record of the lien shall be cancelled by the county clerk or register in like manner and for the same fees, as in the case of mortgages." P.L. 1903 § 57p. 431.
It is obvious that if this section of the Tax act of 1903 controls the rights of the defendant, then she was entitled to redeem upon her tender. It is equally obvious that if the 1918 act applies, the tender was not sufficient, as that act provides that the owner may redeem the lands sold for taxes by paying to the collector for the use of the purchaser "the sum paid at thesale, with interest, together with expenses incurred by thepurchaser and subsequent municipal liens and interest and coststhereon," provided the holder of such title shall have made and filed with such collecting officer an affidavit of the amount of such payment.
Section 59 of the tax sale revision of 1918 reads as follows:
"This act shall be deemed and taken to be a remedial act, and to operate both prospectively and retrospectively, and be liberally construed to effectuate the remedial objects thereof."P.L. 1918 p. 899. *Page 213 
Section 61 of said act reads as follows:
"All acts, general and special, inconsistent with the provisions of this act, are hereby repealed, but this repealer shall not affect any rights heretofore, established or created; provided, however, that this section shall not be construed to prevent the continuance and completion under the laws in force at the time such proceedings were commenced or any other proceeding or proceedings not herein mentioned which may have been or may be pending and remain unfinished and incomplete at the time this law shall take effect." P.L. 1918 p. 900.
Section 62 of said act reads as follows:
"This act shall take effect on the first day of July, nineteen hundred and eighteen, and its provisions shall extend to proceedings on and after that date relating to any taxes, assessments for improvements or other municipal charges, heretofore or hereafter assessed or imposed, or which became a lien before or after that date." P.L. 1918 p. 900.
Counsel for complainant contends that the defendant, not having taken any steps toward redemption of these lands from tax sale under the 1903 act, prior to the passage of the 1918 act, thereby lost whatever rights she had under the 1903 act and is obliged now to proceed under the 1918 act in order to redeem; that the 1918 act is expressly retrospective; that there was no vested right of redemption in the defendant until after tender, and not having made any tender until after the adoption of the 1918 act there can be no objection to applying the provisions of that act retrospectively to the sale in question.
I am unable to agree with counsel for complainant on these points.
In the case of Moore v. Hammell, supra, the court, in discussing the rights of a tax purchaser under the 1903 act, said: "One of those rights was to acquire a tax title by mailing a notice to redeem, c., without any requirement of publication."
The 1918 act requires publication in addition to mailing a notice. Continuing, the court said: "Moreover, the proviso saves any proceedings under the former law not complete at *Page 214 
the time the 1918 act takes effect. The serving of the notice to redeem is part of the tax sale `proceeding' which is complete only after notice is served, proof of service made and filed, and time for redemption has expired."
In the instant case, in considering the rights of the defendant, it might be well said that one of these rights was to redeem upon payment "of the amount of purchase-money shown on the certificate with twelve per cent. interest thereon," c. The instant foreclosure proceeding, under the case above cited, is a part of the tax sale proceeding, and the offer of redemption is made in that proceeding. Therefore, the 1903 act must govern. As the offer to redeem is here made in the foreclosure proceeding, it is not necessary for me to decide what would be the result if the defendant had filed a bill to redeem or whether or not such a bill would be considered a part of the tax sale proceeding.
Complainant's contention that the defendant's right to redeem had not vested is clearly wrong, as her right to redeem vested in her at the same time the right to perfect the title vested in the purchaser (the complainant) which was on the day of the sale.Trustees, c., of Jersey City v. Trustees, c., of Weehawken,80 N.J. Law 572.
If this right to redeem vested at the time of the sale, and, in my judgment, it did, then to give the 1918 act the retrospective effect claimed for it by the complainant, would render the act in this respect unconstitutional, as depriving the defendant of property without due process of law. Plahn v. Givernaud,85 N.J. Eq. 143.
In this case it was held that an act of the legislature in 1914 extending the time for appeal in chancery suits, and which act was enacted after the time limit fixed by law at the time the decree appealed from had expired, was unconstitutional. The act attempted to revive the right of appeal from a decree after the expiration of the time limited therefor and after the vesting of property rights thereunder. The court held that this could not be done. Under the 1903 act, the defendant's right to redeem, having vested at the time of the sale, continued until "cut off" as provided in the act. *Page 215 
The 1918 act could not shorten the time within which this right to redeem could be exercised, nor increase the amount required to be paid by the defendant for such redemption. 12 Corp. Jur. 966;Fitzsimmons v. Bonavita, 77 N.J. Eq. 277.
The legislature has no power to increase the lien of taxes already levied, but this would, in effect, be the result of giving the 1918 act the retrospective effect claimed for it by the complainant. At the time of the sale the defendant had the right to redeem upon payment of $4.60, plus interest and costs. The lien of this amount was an encumbrance on the lands of the defendant. Her right to redeem that land from this lien for a certain specified sum, her equity of redemption, was a vested right in property. An equity of redemption is an estate in land, subject to the encumbrance, but which is capable of descent to heirs, subject to devise by will, or conveyance by deed. 1 Pom.Eq. Jur. §§ 73, 162, 376. To my mind, the owner's right to redeem his property from a tax sale is similar to the mortgagor's equity of redemption. To give the 1918 act the construction claimed for it by the complainant would be to permit the legislature to increase the lien or encumbrance resulting from this tax sale to $191.78, plus interest and costs, bringing the total up to $357.20, which is the amount the complainant now claims. Clearly, this cannot be allowed. Fitzsimmons v.Bonavita, supra.
The rights of a private person purchasing at a tax sale are governed, as to the owner's right of redemption, by the law in force at the time of the sale. 12 Corp. Jur. 966 § 524;Rogers v. Nichols, 186 Mass. 440; 71 N.E. Rep. 950;Fitzsimmons v. Bonavita, supra.
In Fitzsimmons v. Bonavita, supra, a bill was filed to foreclose a tax lien. The tax sale was made in 1906 under the provisions of the act of 1903, and was sold for $7.57. In 1907 the owner tendered the purchaser the sum which he paid, plus interest and costs. The purchaser refused to accept this tender and demanded $10 as fees and expenses incurred under the act, as representing a reasonable fee for services actually performed by the purchaser's counsel in *Page 216 
searching the title. At that time there was no provision in the law authorizing such a charge, but afterwards, in April, 1907, an act was passed (P.L. 1907 p. 459) authorizing a charge not exceeding $10 for fees for searches in ascertaining the owner of property purchased at tax sale. In deciding that the purchaser was not entitled to the $10 search fee, the court said:
"So far as the tax itself is concerned, and the fees and expenses of the sale to pay the same, there can be no question that the amount to be levied, either by way of tax or fees and expenses, must be certainly and definitely fixed by the Tax act itself, and that no fees or expenses except such as are definitely and clearly provided for in the law itself could be raised by sale, or imposed on the land. Road Commissioners v.Freeholders of Hudson (Court of Errors and Appeals, 1883),45 N.J. Law 173, 175. The tax and the warrant for sale taken together are the final and conclusive adjudication of the amount due and the execution for raising the amount with definite fees. It has been held that expenses for raising the tax by way of sale cannot be added to the tax unless authorized by statute.Hapgood v. Morten, 28 Kan. 764; cited Black T. Tit. (2ded.) 235, 298. The question is whether on the redemption of a tax this principle of certainty in the amount to be paid is also required, and whether any fees or expenses incurred after the purchase other than those which are specially provided for in the act can be demanded as a condition of redemption. In my judgment they cannot, and in the absence of a clear and express legislative intent to the contrary, no fees or expenses other than those definitely fixed by the act should be required to be tendered."
A statute which takes away, reduces the time for, or otherwise impairs a right of redemption which has already vested, in unconstitutional. 12 Corp. Jur. 966 § 524, and cases there cited.
Where the language of an act permits of two constructions, one constitutional and the other unconstitutional, the court will always adopt that construction which will save the *Page 217 
act. Commercial Trust Co. v. Hudson County Board,87 N.J. Law 179; State v. Sutton, 87 N.J. Law 192; State v. Tachin,92 N.J. Law 269; affirmed, 93 N.J. Law 485; Curtis Sand Co. v.State Highway Commission, 111 Atl. Rep. 16; Hudspeth v.Swayze, 85 N.J. Law 592.
Counsel for complainant further contends that unless the retrospective construction claimed by him is given the 1918 act, section 62 of that act is meaningless. I cannot agree with this argument. Section 62 certainly applies, in any event, to sales of land after the 1918 act became effective, for taxes levied both before and after 1918. This is clearly permissible. Rogers v.Nichols, supra. The theory of the 1903 act, apparently, is that the purchaser is entitled to possession of the lands purchased upon recording the certificate of tax sale as a mortgage (that the certificate of tax sale in this case was not so recorded is immaterial) and is entitled to the rents and profits of the land without liability for accounting to the owner. Anson v.Elwood, 76 N.J. Law 56. This would seem to indicate that it was the idea of the legislature when the 1903 act was adopted, that the purchaser was obliged to pay the subsequent taxes while he had possession of the land in consideration of his right to occupy the same or to collect the rents.
If it be said that to deny the tax purchaser the right to a refund of the subsequent taxes and municipal liens paid by him is a hardship, the answer is that the purchaser only is to blame for this result; that his own neglect has resulted in that hardship, as he might have served the notice to redeem or foreclosed his tax lien at any time after two years after the tax sale and either obtained title to the land or avoided the payment of subsequent taxes if redemption had been made.
The instant case is distinguishable from the case of Smith v.Specht, 58 N.J. Eq. 47, in that there a bill to redeem was filed by the owner of the land and the court held that the owner, coming into a court of equity, was obliged to do equity, and would be required to reimburse the tax purchaser for all *Page 218 
subsequent municipal liens paid by him before redemption would be permitted, and also that the purchaser would be required to account to the owner for the rents and profits of the land received by him during his possession thereof. As stated above, this is not a case where the owner filed a bill to redeem, but is an application for redemption in a foreclosure suit brought by the tax purchaser. In my judgment, the rights of the defendant are determined by the Tax act of 1903, and the complainant is not entitled to be reimbursed by the defendant for subsequent municipal liens paid by him. I will advise a decree in accordance with the foregoing conclusions.