WILLIAM R. BROWN ET AL., PROSECUTORS, v. CITY OF ATLANTIC CITY AND M. B. MARKLAND COMPANY, DEFENDANTS.

Argued March 10, 1927—Decided March 18, 1927.

**Municipalities—Award of Contracts—Clerical Mistake in Preparing Bid—Amount Correct in One Place but Wrong in Another—No Fraud Alleged—Though Statute Provided That the Statement in the Later Case Governed, the Contract was in Good Faith, and the Application was Made so Long After the Bid was Public That Laches Will Prevent the Issuance of the Writ, Discretionary in Any Case.**

On application for *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the application, the prosecutors, *John C. Reed.*

For the defendant M. B. Markland Company, *Clarence L. Cole.*

For the defendant the city of Atlantic City, *Joseph B. Perskie.*

PER CURIAM.

This is an application upon notice by a citizen and taxpayer, for a rule to show cause or a writ of *certiorari,* to review an award of a contract made by the commissioners of Atlantic City to the defendant the M. B. Markland Company on January 20th, 1927, for $4,532,050 for the building of the superstructure of the proposed convention hall in Atlantic City. The bids were received and made public on December 2d, 1926.

They were referred to Messrs. Lockwood, Green & Company, Incorporated, architects and engineers, for analysis, comparison and recommendation.

The basic bid of M. B. Markland Company was $4,694,000. In the proposal submitted by that company for the contract, the figures expressed the lump sum bid to be $4,694,000; but in writing this sum in the bid it was expressed as "four million six hundred and ninety-four thousand dollars." The word "thousand" was omitted between the words four and dollars. This variance was not discovered until some time after the contract had been awarded and signed; but it was treated by everyone in interest as a bid for $4,694,000. The instructions to bidders contained this clause: "The lump sum bid must be 'written and also stated in figures,' and, in case of variance, the written price shall govern." This is one of the points urged, why the writ of *certiorari* should be allowed. It is also urged, as another reason, the specifications provided for "alternative bids" and "substitutions" of various named materials; none of these latter, however, were used in computing the award made and only one of the alternative bids used. In the absence of fraud or manifest improper manipulation, it is urged that these grounds are not sufficient at this time to allow the writ of *certiorari* to go. No fraud is suggested. But let this be as it may. The bids were opened and made public on December 2d, 1926. The contract was awarded on January 20th, 1927. Notice of this application for a rule to show cause was made March 5th, 1927, meanwhile, the successful bidder had obligated itself on the faith of the award to approximately $1,000,000. Laches is urged, and for this reason alone a rule to show cause should not be allowed. In justice and fairness we think this is so. The writ of *certiorari* is discretionary, it may be refused when it appears that the public interest will suffer or private injustice will be done. *Bowne* v. *Logan,* 43 *N. J. L.* 423; *Allen* v. *Freeholders of Hunterdon,* 72 *Id.* 116. This is a salutary rule and should be rigidly adhered to and not frittered away by unwise applications or by fine distinctions.

A rule to show cause is disallowed and the writ of *certiorari* refused.