The answer of the defendants admits in part the allegations of the bill of complaint and leaves the complainant to its proof as to the remainder of those allegations. The first separate defense set up in the answer is an attack upon the validity of the tax sale proceedings. While the motion to strike out the answer is directed to the whole of it, no proofs are submitted with respect to the allegations in the bill as to which the complainant is left to his proof, and the argument has been confined to the sufficiency of the first separate defense. It is admitted for the purpose of the motion that a period of more than four months has elapsed since the filing of the answer and that no writ ofcertiorari has been "allowed *Page 708 
to review the legality of such tax or other municipal lien, or the legality of the proceedings to sell, or the legality of such sale," as required by P.L. 1925 ch. 202 p. 480. This being so, I am obliged under the statute to strike out the first separate defense in the answer.
Counsel for the defendant argues that as the tax sale was had in 1920 the act of 1925 is not applicable and Rodgers v.Cressman, 98 N.J. Eq. 209, and Harrington v. Jones, 104 N.J. Eq. 377,
are cited in support of this argument. But the 1925 act is procedural only and applies to all suits begun after its approval. The right of redemption from the tax sale is not affected by the act and it is conceded by complainant that the defendant has the right to redeem. The amount to which the complainant is entitled on redemption will be determined by the laws in force at the date of the sale. Rodgers v. Cressman,supra.
After the entry of an order striking out the first separate defense in the answer the state of the pleadings will require only formal proof of the allegations of the bill and a statement of an account indicating the amount required for redemption. I will refer the matter to a master for that purpose.