TOWNSHIP OF LONG BEACH, complainant,

*v.*

DANIEL B. FRAZIER COMPANY, a corporation of the State of New Jersey, defendant.

[Decided May 17th, 1932.]

*Mr. Howard Ewart,* for the complainant.

*Mr. Joseph H. Carr,* for the defendant.

BERRY, V. C.

The motion is addressed to such portions of the answer as set up as a defense to the bill the invalidity of the tax, the tax sale proceedings, and the tax sale itself, pursuant to the provisions of section 2 of chapter 202 (*P. L. 1925 p. 480*), which reads as follows:

"The filing of such answer shall stay the proceedings in the court of chancery for the period of four months from the date of such filing, and if a writ of *certiorari* be allowed to review the legality of such tax or other municipal lien, or the legality of the proceedings to sell, or the legality of such sale, such proceedings shall be stayed until such writ shall have been discharged. Should such defendant fail to obtain such writ of *certiorari* for the purpose or purposes above mentioned within four months of the filing of such answer, the court shall strike out such part of the answer as denies the validity of the tax, or the legality of the proceedings to sell, or the legality of the sale, and shall proceed as if no such defense had been interposed."

The answer was filed on November 2d, 1931. On January 15th, 1932, Mr. Justice Bodine, of the supreme court, allowed a writ of *certiorari ex parte,* and afterwards, on February 15th, 1932, upon notice and after argument on the merits, signed an order vacating the *allocatur.* From this order the defendant has appealed to the court of errors and appeals.

In *B. H. K. Realty Co.* v. *Scarlet, 105 N. J. Eq. 707; 149 Atl. Rep. 543,* the 1925 act was held to be procedural only and an answer setting up the invalidity of a tax sale proceeding was struck out because a writ of *certiorari* to review such proceedings had not been obtained within the prescribed four months' period. It is urged by counsel for complainant that the present motion is controlled by that decision, while on the other hand counsel for the defendant contends the decision is inapplicable here because the defendant in the instant case had in fact obtained a writ within the four months' period and that the later vacation of the *allocatur* by the same justice who allowed the writ does not bring the case within the statute. But upon the entry of the vacating order the matter stood as though no writ had ever been allowed. The four months' period expired on March 2d, 1932, and no writ was in force at that time. The fallacy of the defendant's argument is apparent when we consider what would have been the effect if, within the prescribed period, a writ had been obtained and run the gamut of all proceedings to final dismissal. Could it be contended that the original allowance of the writ would. act as a continuous stay of the foreclosure suit? I think not.

The appeal to the court of errors and appeals from the order vacating the *allocatur* does not operate as a stay of the foreclosure proceeding here. *Handwerk* v. *Guttenberg, 92 N. J. Law 181; 105 Atl. Rep. 226.* And further, complainant contends that the order vacating the *allocatur* is not appealable, it being an order of a single justice of the supreme court and not of the court itself, citing *Key* v. *Paul, 61 N. J. Law 133; 38 Atl. Rep. 823; Tweddell* v. *Village of South Orange, 95 N. J. Law 327; 112 Atl. Rep. 511;* and also, the allowance of a writ of *certiorari* not being a matter of right but resting in the sound discretion of the justice, no appeal lies, citing *Loomis* v. *City of Union City, 6 N. J. Mis. R. 330; 141 Atl. Rep. 170; Simmons* v. *Mayor, &c., of Wenonah, 6 N. J. Mis. R. 902; 143 Atl. Rep. 73; Nelson* v. *Town of Kearny, 4 N. J. Mis. R. 157; 132 Atl. Rep. 299; Brown* v. *City of Atlantic City, 5 N. J. Mis. R. 397; 136 Atl. Rep. 608; Bowne* v. *Logan, 43 N. J. Law 421.*

But no inequity to the defendant is perceived in striking the portions of the answer to which the motion is directed. Prior to the enactment of the act of 1925 the time within which a writ of *certiorari* to review any assessment tax, proceedings of sale or the sale itself was limited to eighteen months from the sale. *P. L. 1915 ch. 323 p. 580.* By chapter 21, *P. L. 1925 p. 77,* this limitation was made inapplicable where proceedings were taken after a tax sale, by the purchaser or holder of the certificate of tax sale, under any statute of this state, to procure a deed or perfect the tax title; and by chapter 202, *P. L. 1925,* an additional period of four months was allowed the property owner to test the validity of the tax proceedings. This was a period of grace; but it cannot be extended *ad infinitum,* and especially here as the validity of the tax obligation seems to have been admitted by the defendant prior to the institution of these proceedings. (See opinion of Mr. Justice Bodine in *Daniel B. Frazier Co.* v. *Township of Long Beach, S. C.; 10 N. J. Mis. R. 747.*) I do not find it necessary to consider or determine other points raised in the brief of counsel for defendant. The

portions of the answer to which the motion is addressed will be stricken.

The cause will be set down for final hearing at an early day, or, if it seems more expedient, a reference to a master may be had.

The same motion is addressed to the answers filed in three other suits of the same title, being Docket Nos. 86-302; 86-303, and 86-306. This decision is dispositive of those motions also.

The defendant has applied for leave to file counter-claims in each case, the object of which is to set aside and cancel of record the tax sale certificates as a cloud on defendant's title. This application is based upon the same facts alleged in the portions of the respective answers stricken. It being too late to interpose these alleged facts in defense to the foreclosure proceedings, they cannot afford sufficient basis for a counter-claim and the application is denied.