BOROUGH OF PARK RIDGE, complainant,

*v.*

JOHN BELLAVIGNA and others, defendants.

[Decided June 6th, 1935.]

*Mr. Charles Jones,* for the complainant.

*Mr. John L. Deeney,* for the defendant Notlim, Incorporated.

*Messrs. Hart & Vanderwart,* for the defendant Pascack Lumber Company.

BIGELOW, V. C.

This is a suit to foreclose a tax title held by the municipality. On December 17th, 1934, before the bill was filed, one of the defendants attempted to redeem by tender to the tax collector. The sum tendered was not sufficient to cover the fees and expenses specified in section 44 of the Tax Sale revision. *Cum. Supp. Comp. Stat. 1911-1924 p. 3535,* as amended *P. L. 1928 p. 248; Cum. Supp. Comp. Stat. 1930 § 208-444a(47).* The only question presented is whether these items were payable.

Section 45 of the statute (*Cum. Supp. Comp. Stat. 1924 § 208-444a(48)*) provides:

"No fees or expenses incurred as aforesaid shall be collectible unless the holder of the tax title shall have made and filed with such collecting officer, affidavits showing the amount or amounts of such expenses actually disbursed or incurred, affidavits of service including copies of the notices served, and certificates of the searches made in the form of an abstract of title covering a period of not less than 20 years."

In the spring of 1934, the borough had entered into an agreement with one DeRees, whereby the latter agreed to collect tax sale liens for the borough. DeRees was thereby "empowered to collect the amount due on said tax certificates and subsequent liens in full with interest and costs" and was given "complete charge of the collection of such liens." His compensation, under the agreement, was the difference between what he might legally collect and the net amount of the taxes and assessments.

In November, DeRees searched the title of the premises in question and made up an abstract of title. One copy of the abstract, which is dated December 5th, 1934, remained at the office of DeRees in Hackensack from that time on. He testified that within one or two days thereafter, he filed another copy of the abstract with the collector of taxes. But he did not testify from a distinct memory of the occurrence; rather, he relied on his uniform practice in conducting these matters. Certainly, at some time or other, such a copy reached the collector's office, for it was produced by the latter at the hearing. The collector testified that he did not know when it was brought to his office.

When the defendant made the tender, the collector told him that no abstract of title or affidavits of expenses or service had been filed with him and that he did not know the amount due on the tax sale certificate and he referred the defendant to DeRees. On this state of the proofs I find, as a fact, that these papers had not been filed in the collector's office by the time of the tender on December 17th.

Counsel for the borough contends, first, that section 45 has no application when the holder of the tax title is a municipality; and second, that DeRees, by virtue of his agreement with the borough was the "collecting officer" men-

tioned in the section. In my opinion, neither of these positions is sound.

The lien does not include any items "except such as are definitely and clearly provided for" by the statute. *Fitzsimmons* v. *Bonavita, 77 N. J. Eq. 277; 76 Atl. Rep. 313.* The only authority for the inclusion of search fees and the like is found in section 44. *Cum. Supp. Comp. Stat. 1924 § 208-444a(47).* This section, as originally enacted, provided that "the holder of such tax title, upon compliance with the following section, shall be entitled" to search fees, &c. As amended by *P. L. 1928 p. 248 (Cum. Supp. Comp. Stat. 1930 § 208-444a(47),* it requires "compliance with the provisions of the act of which this act is an amendment." Those provisions include section 45. *Cum. Supp. Comp. Stat. 1924 § 208-444a(48).* There is no general grant of the right to the fees but only a grant conditioned upon compliance with section 45. A municipality cannot have the benefit of the one section, without the burden of the other.

One purpose of section 45 is to require the filing with the collecting officer of a record which will enable the collector, and equally the person desiring to redeem, to calculate the amount of the lien. This is as necessary when the tax title is held by the municipality as when it is not so held.

The expression "such collecting officer" in section 45 means the same officer to whom is payable the amount required for redemption. This payment should be made "to the collector or to the collecting officer of delinquent taxes on lands of the municipality where the land is situate." Section 37. *Cum. Supp. Comp. Stat. 1924 § 208-444a(40).* Such collecting officer is the one who executes a certificate of redemption which may be recorded with the county clerk or register. Section 38. *Cum. Supp. Comp. Stat. 1924 § 208-444a(41).* He pays over to the holder of the tax title the redemption moneys. Section 40. *Cum. Supp. Comp. Stat. 1924 § 208-444a(43).* This officer may be designated collector of taxes, or tax receiver, or collector of arrears of taxes, or comptroller, or treasurer, or by some other title. But by whatever title he may be called, the collecting officer with whom the abstract

of title must be filed, is the officer on whom the law casts the duty of collecting delinquent land taxes in the particular municipality.

Mr. DeRees does not appear to have been an officer of any kind of the borough of Park Ridge. The governing body of the borough, by ordinance, resolution, or otherwise, did not create an office and fill it by the appointment of Mr. DeRees. He was a mere contractor.

"An office is a place created or at least recognized by the law of the state and to which certain permanent public duties are assigned, either by the law itself or by regulations adopted under authority of law." *Stewart* v. *Freeholders of Hudson, 61 N. J. Law 117; 38 Atl. Rep. 842.* The duties which Mr. DeRees has undertaken, are not assigned to him either by the law of New Jersey or by regulations adopted under authority of law by the borough. His post is not a permanent one, but is merely intended to last for the term of his contract. An appointment to public office and acceptance thereof does not constitute a contract. *Hillel* v. *Borough of Edgewater, 106 N. J. Law 481; 150 Atl. Rep. 385.* "We think the defendant's position lacked the essentials of an office and was merely that of a contractor. In order to ascertain the nature of his duties, their duration and his compensation, recourse must be had not to any law, nor to any regulation adopted by authority of law, but only to his contract with the commissioners. In such circumstances, an office does not exist." *State* v. *Broome, 61 N. J. Law 115; 38 Atl. Rep. 841.*

It follows that the search fees and other such expenses were not collectible at the time the tender was made and hence the tender was sufficient in amount.