CATHERINE KEILER and JOHN KEILER, her husband,

*v.*

CARRIE E. BUNN and CHARLES H. BUNN, her husband.

[Decided June 8th, 1915.]

1. A tender is good only if the correct amount is offered to be paid including all costs due, for the complainant is entitled to exact the full amount due him, and the offer of a less sum, no matter how inconspicuous, will not support the plea of tender.

2. A tender in discharge of a mortgage debt, whether made before or after foreclosure brought, must be paid into court after the commencement of suit, the practice being the same in cases in equity as in those at law.

3. Searches are usually made before the filing of a bill of foreclosure, so that the mortgagee may ascertain who are the junior encumbrancers,

if any, in order that they may be made parties and their liens subjected to the priority of the mortgage about to be foreclosed. Therefore, the complainant is entitled to the taxation of search fees in a bill of costs taxed as on dismissal for the purpose of ascertaining the amount of costs due him in the foreclosure suit, in order to enable the defendant to make tender of the proper amount; and if a defendant assumes to order the complainant's costs taxed for him, for the purpose mentioned, he should notify the complainant to file his searches, if any were made for the purpose of the foreclosure, so that the clerk may include a proper fee therefor in the taxed bill of costs.

On application for retaxation of costs, &c.

*Mr. William F. Reibel,* for the complainants.

*Mr. John J. Griffin,* for the defendants.

WALKER, CHANCELLOR.

A bill to foreclose was filed in the above-stated cause, and the defendants in an endeavor to avoid the payment of further interest and costs, requested the clerk to tax complainants' costs as on dismissal, which he did, and they then tendered the amount of principal, interest and costs, as taxed, to the complainants, but they rejected the tender upon the ground that the bill of costs did not include taxation of search fees; and they now move to retax the bill.

Upon the foreclosure of a mortgage the complainant is, of course, entitled to recover his costs along with the principal of the mortgage and interest to the day of the sale.

Searches are necessary for the proper foreclosure of mortgages, and, after decree, there is no trouble about their taxation, because, under the rule, the abstract has to be filed, and the searches should be reported on by the master.

It has been the practice of the clerk's office not to tax searches which were not filed and approved by the master without a special order of the court therefor.

Now, searches are not made at the time of the reference to a master, but before the filing of the bill, so that the mortgagee may ascertain who are the junior encumbrancers, if any, in order

that they may be made parties and their liens subjected to the priority of the mortgage about to be foreclosed. Only the holders of liens unrecorded at the time of filing the bill are bound by the proceedings in a foreclosure suit, the same as if they had been made parties. *Chancery act, Comp. Stat. p. 432 § 58.*

Rule 113a of this court, which concerns search fees, provides, *inter alia,* as follows:

"The clerk shall not tax fees for searches as a part of the taxable costs in favor of the complainant in any \* \* \* foreclosure suit, unless, prior to the taxation of such costs, there be filed with the papers in the cause an abstract of the searches made for the purposes of said action, which, in foreclosure cases, shall set forth the date of the mortgage, and which shall shortly indicate precisely what searches were made and for what purpose made, together with an affidavit of the complainant or his solicitor, which shall set forth an itemized statement of the fees and charges for which taxation is asked, and which shall include only such fees and charges as were actually and necessarily paid or incurred for the purpose of the action. There shall also be filed a certificate or report of the reference master, that he has examined the abstract of search and statement of fees and charges claimed, and that in his opinion such search was necessary for the proper purposes of the suit."

As already remarked, searches are not made after, but before, bill filed, and they are generally withheld from the files until after the master reports. As to the taxation of fees for searches, the rule, it will be observed, provides that they shall not be taxed in favor of complainant in a foreclosure suit, unless, prior to the taxation, an abstract of the searches shall be filed with the papers in the cause. Therefore, had the complainants' solicitor filed the searches prior to the taxation under review—which taxation was ordered by the defendants for the complainants for the purpose of ascertaining the amount due, so that defendants could make a tender—if the abstract, as to form, complied with the requirements of the rule, proper fees for the searches should have been taxed; and, therefore, it follows, in my opinion, that when the defendants assumed to order these costs taxed as on dismissal, they were obliged to notify the complainants to file their searches, if any they had, so that the costs could have been correctly taxed and the true amount due from defendants to complainants could have been ascertained and tendered. A report of a master as to searches can only be had if the cause proceeds to a reference.

A tender is good only if the correct amount is offered to be paid, including all costs due, for the complainant is entitled to exact the full amount due him, and the offer of a less sum, no matter how inconspicuous, will not support the plea of tender. *Wright* v. *Behrens, 39 N. J. Law 413, 416.* And tender in discharge of a mortgage debt, whether made before or after foreclosure brought, must be paid into court after the commencement of suit, the practice being the same in cases of equity as in those at law. *Shields* v. *Lozear, 22 N. J. Eq. 447, 452.* Payment into court was not made in this case, and, for that reason also, the tender was not good. But no point is made of that by counsel for complainants, and, consequently, I have decided the only question raised, as it is important in the matter of taxation of costs in certain instances.

The amount to which complainants would be entitled to be allowed for the search at the rate provided by statute for official searches, is $19.84, as shown by an itemized statement of the fees and charges for which taxation is asked, verified by affidavit of complainants' solicitor. The search, however, is not an official one, but was made by the solicitor, and I think an allowance of $15 ample for the work involved in making the search. The complainants are entitled to have this amount allowed in their bill of costs, and the bill will be retaxed in order to make the inclusion.

The defendants, upon the theory that complainants were not entitled to an allowance for search fees in their taxed costs, and that therefore they had made a good and sufficient tender, have applied for an order extending the time in which to file an answer and cross-bill setting up the tender and praying for a cancellation of the mortgage.

As the complainants are entitled to a retaxation of the costs, it follows that the defendants, who did not make a good and sufficient tender, are not entitled to the relief they seek. The result is that the complainants' motion shall prevail and the defendants' be overruled.

As the result reached establishes a practice which has not been settled, I will not award costs to either party as against the other on these motions.