EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-CHANCELLORS.

---

JOHN W. HARRIS

*v.*

ALBERT K. McMURRAY et al.

[Decided August 25th, 1920.]

1. Where complainant filed a bill to foreclose the rights of redemption in four certain parcels of land, and one of the owners of the fee thereof appeared and answered asking to redeem the lands in question, and to

1

that end asking for proof and adjudication of the amount required to be paid by her for such redemption, the amount of search fees that may properly be included in such adjudication is fixed by statute, the maximum rate being $40 a lot, under the statute of 1909.

2. An award of costs in chancery is discretionary with the court except where otherwise directed by statute. In the case at bar—*Held*, that complainant is entitled to costs, but not including search fees, because the statute does not authorize their inclusion in taxed costs on foreclosure of tax liens; in these cases they are collectible as part of the expenses of redemption and may be included in the decree.

On bill to foreclose tax title.

*Mr. V. Claude Palmer*, for the complainant.

*Messrs. Reed & Reynolds*, for the defendants.

WALKER, CHANCELLOR.

Complainant filed his bill to foreclose the rights of redemption in four certain parcels of land purchased by him at public sale made thereof October 28th, 1910, by the township collector, pursuant to the provisions of "An act for the assessment and collection of taxes," approved April 8th, 1903, and the several amendments thereof and supplements thereto. The sale was for the purpose of obtaining payment of taxes assessed for the year 1907, and remaining unpaid. The record title to the four parcels in question stood respectively, at the time of the sale, in the names of four separate persons. Prior conveyances of record, however, indicate that the equitable title to all four tracts was, or may have been, owned by the heirs-at-law or devisees of one James P. Fagan, deceased.

One of these devisees, Catherine A. Fagan (the only answering defendant), appeared and answered—asking to redeem the lands in question, and to that end asking proof and adjudication of the amount required to be paid by her for such redemption. Replication was filed, but thereafter counsel for both parties appeared and announced to the court that they had agreed that a decree for redemption by the defendant Catherine A. Fagan be entered, upon her payment to complainant of the amount justly due to him upon such redemption. They are further agreed upon what

this amount should be, except only as follows: Complainant contends that he is entitled to receive (1) the full amount paid by him for search fees, $407.80 (being the full legal fees), and (2) complainant's taxed costs of this suit. Defendant denies that he is entitled to either of these items.

The statute above mentioned provides, in sections 57 and 58, for the method and manner of redemption by the "owner, mortgagee, occupant or other person having an interest in the land sold for taxes"—these provisions have nothing to do with any suit either for foreclosure or redemption. The person seeking to redeem may do so by paying (prior to the cutting off of the right of redemption) to the collector of delinquent taxes of the municipality in which the lands lie, a sum made up as follows:

1. The price paid by the purchaser.

2. Eight per cent. interest thereon.

3. The amount shown by the purchaser's affidavit filed with the collector to have been paid by him for recording fees and fees for the service of notices under the act. And

4. The fees and expenses incurred by the purchaser in ascertaining the owner or other persons having an interest in or lien on the lands (with certain limitations as to the amount of such fees and expenses).

Upon receipt of such payment, such collecting officer turns it over to the purchaser, and gives the person redeeming a certificate of cancellation of the tax sale lien, or at the redeemer's option the purchaser is required to execute to him an assignment of the certificate of sale.

The fourth item (above set forth) of the amount required to be paid for redemption, of course, means, or, at least, includes, search fees. As originally passed, section 57 did not contain this item. It was first added (though not in its present form) by an amendment in 1907. Prior to that amendment the defendant, in *Fitzsimmons* v. *Bonavita, 77 N. J. Eq. 277*, being the owner of lands sold for taxes, had sought to redeem the lands sold, and had for that purpose tendered to complainant, the tax-sale purchaser, an amount covering the three items then required by the statute, but not including all or any part of the sum paid by the purchaser for search fees. The purchaser claimed to be entitled

to receive these search fees, also, as a condition of redemption, and therefore refused the tender and filed his bill to foreclose. This court there held that the statute was express and certain, and that no fees or expenses other than those specially provided for in the act could be demanded as a condition of redemption. Since the act did not then provide for the payment of any search fees or "fees and expenses incurred in ascertaining the owners" (which, for brevity, will be hereinafter referred to as "search fees"), the tender had been valid and sufficient, and complainant's bill was dismissed.

Since then this section, 57, has been several times amended with regard to this very matter of search fees. *Cf. P. L. 1909 p. 895; P. L. 1912 p. 652; P. L. 1914 p. 663,* and *P. L. 1916 p. 580* (the latter two amendments having apparently been overlooked by counsel for defendant). In the case *sub judice* the complainant purchased, as has been noted, in 1910, and defendant's counsel contends that complainant's rights are fixed and controlled by the statute as it existed in 1910—which was, of course, as expressed by the amendment of 1909, *supra.* The amendment of 1916 fixes the maximum of search fees, plus recording and service fees, at $10, which would limit complainant in this case to not over $40 for the four sales. Complainant's bill was not filed until after the 1916 amendment, and it might perhaps be argued that his rights are controlled thereby. It is not necessary to decide this, however, since defendant's contention is for the act of 1909, and this is the more favorable to complainant. For the purposes of this case, therefore, the rights of complainant will be deemed to be determined by the amendment of 1909. That enactment includes as a part of the moneys required to be paid for redemption, search fees incurred or paid by the purchaser, not exceeding, however, certain maximum rates, which applied to the case under discussion would allow a maximum of $40 for each of the four tracts, or a total of $160 for search fees.

If, therefore, defendant had sought to redeem in the manner provided by the statute, and prior to the institution of complainant's suit, she would have been required to pay in addition to the other redemption moneys, the sum of $160 for search fees, but

not the balance of the sum of $407.80 claimed by complainant in that behalf; this under the authority of *Fitzsimmons* v. *Bonavita, supra.*

And if instead of appearing and seeking redemption in complainant's suit defendant had paid to the collector of delinquent taxes of the municipality the redemption moneys, including the $160 search fees, defendant would have been entitled to the statutory certificate of redemption, and could not have been required to include in her redemption payment the amount of complainant's taxed costs in this suit. Doubtless, even now defendant could make such payment to the collector and get her redemption certificate. But it is obvious that making such payment to the collector and getting the redemption certificate would not dispose of this suit and defendant having been served with process would remain subject to whatever decree should be entered herein, whether she defaulted or proceeded herein. That decree might conceivably be a decree for foreclosure, if the fact of the outside redemption did not appear in the proofs before the court—and in any event it would provide for the payment of such costs as the court deemed proper, and these costs could be collected by complainant on execution.

Defendant, however, has not sought to redeem outside of this suit; she is asking for redemption *in* this suit; she asks to be permitted to pay the redemption moneys and obtain a decree of redemption. That being so, seeking equity she must do equity and must abide by the decree of this court, and, of course, she must pay to complainant the full redemption moneys provided by the statute (including the $160 on account of search fees), the court would have no right to make a decree of redemption without such payment being made.

In the usual mortgage foreclosure suit a defendant applying to redeem after bill filed would ordinarily be required to pay complainant, in addition to the moneys otherwise due on the indebtedness secured by the mortgage, the complainant's taxed costs, in which would be included the fees and charges for searches actually and necessarily paid or incurred for the purpose of the action. See *Keiler* v. *Bunn, 84 N. J. Eq. 519.* Chan-

cery act of 1902, section 92, as amended (*1 Comp. Stat. p. 446*), and chancery rule 144.

This, however, is not a matter of inevitable right in complainant. By the Chancery act of 1902, section 84, except where otherwise directed by statute, it is made a matter of discretion of this court to award or withhold costs in any case (and I know of no statute making mandatory the award of costs in any such case as the one under consideration). The Chancery act of 1915, section 6, goes further and authorizes the court to award costs and counsel fee against a successful party. So, if a mortgagee, knowing that the mortgagor was about to pay off his obligation, should hasten to file a foreclosure bill out of spite, or to obtain an extra few dollars in costs, this court is enabled not only to withhold costs from such a complainant, but to award costs and counsel fee against him, in favor of his intended victim. But no such circumstances are now present, and I can perceive no valid reason why defendant should not be required to pay complainant's taxed costs.

This, however, does not mean that the full search fees paid by complainant will be included in such taxed costs. I am of the opinion that no part of such search fees can be included in the taxed costs.

The present bill is not for the foreclosure of a mortgage, but of the right to redeem lands sold for taxes; hence, it does not come within the letter of the statutes and rules relating to mortgage foreclosures. Even if it be assumed that from the cognate character of the action, the court might be disposed to adopt the same principles and practice as in foreclosure cases, a bar is found in the lack of statutory authorization. It is, of course, well settled that no items can be included in a taxed bill of costs without legislative authority therefor. The provisions of section 92 of the Chancery act authorize the taxing of search fees in the costs in only the two instances therein named, to wit, suits for partition and sale of lands and for the foreclosure of mortgages. I know of no other statute which conveys, or purports to convey, such authority in a suit for the foreclosure of tax sale redemption, and I conclude, therefore, that complainant is not entitled to have these search fees taxed in his bill of costs. It might be

possible, under the authority given by the legislature for the awarding of counsel fees, to award a counsel fee of such amount as should be deemed reasonable, to be paid by defendant to complainant, in view of complainant's inability to obtain repayment of the excess search fees over and above the statutory allowance. But even if such a course should be possible, I am satisfied that it would not be justifiable. The legislature has expressly fixed a limit upon the amount of search fees which a purchaser may expect to receive, or an owner be compelled to pay, for redemption, and in this particular I cannot see that there is any difference between redemption outside of this court and redemption by decree herein. Complainant's searches have cost him no more for foreclosure in equity than they would for foreclosure by service of notice under the statute. The legislature by the fixing of this limitation has expressed the public policy of this state in that behalf and this should be adhered to.