This bill is filed to foreclose two certificates of tax sale covering the same property. The first sale was on May 19th, 1917, for 1915 taxes amounting to $35.07, and the second was on March 30th, 1918, for 1916 taxes amounting to $36.13. Jones, the owner, first learned of the tax sales when the subpoena in this suit was served and immediately gave notice of an application to redeem. He tendered to complainant the sum of $168.70, made up as follows:
Tax sale dated March 30th, 1918, for the year of 1916 ......... $36.13
Interest on same from the date of sale at eight per cent. ..... 30.83
Tax sale dated May 19th, 1917 ................................. 35.07
Interest on same from the date of sale at eight per cent. ..... 32.26
Costs ......................................................... 34.48
 _______
 $168.70

He offered also to pay in addition whatever sums were found by the court to be due. Complainant refused the tender and demanded $385.70, made up as follows:
Harrington Company, lien for 1915 taxes ....................... $102.21
Harrington Company, lien for 1916 taxes ....................... 101.17
United States district court search, $2.30 .................... 1.15
New Jersey supreme court search, $3.24 ........................ 1.62
Search of title ............................................... 75.00
Costs of suit to date ......................................... 29.55
Counsel fee ................................................... 75.00
 _______
 $385.70

The only issue is as to the amount required for redemption. The sales were made pursuant to the 1903 Tax act and the laws in force at the dates of the sales control. Rodgers v. Cressman,98 N.J. Eq. 209. Complainant urges chapter 273, P.L. 1916 p.580, and chapter 211, P.L. 1928 p. 382, as authority for the items of search fee and counsel fee in its statement of the amount required for redemption. Obviously, the 1928 act does not apply. The 1916 act limits the amount of search fees to $10 provided the affidavit there indicated is *Page 379 
filed with the collector. This was done. But chapter 212, P.L.1915 p. 383, provides that no search fee shall be paid on redemption unless the purchaser shall have filed a memorandum as therein indicated, together with a small diagram of the property sold. This was not done. The 1915 act was in full force and effect at the time of these sales and strict compliance therewith was a prerequisite to the collection of search fees on redemption. They will be disallowed here.
Counsel fees are in the discretion of the court. Harris v.McMurray, 92 N.J. Eq. 1. No counsel fees will be allowed, as this suit smacks of an effort "to obtain an extra few dollars in costs" as was suggested by the chancellor in Harris v.McMurray, supra.
The defendant Jones is a reputable and well-known practicing attorney of the city of Newark, and his residence is at 10 Princeton Place, Upper Montclair, where he has resided for twenty years or more. He testified that he was able to pay the tax against the lots the subject of these sales and would have done so promptly had the matter been called to his attention. I have no doubt of it. By mistake of the complainant, notices were sent to Charles S. Jones, 324 Claremont avenue, Montclair. By the exercise of reasonable diligence, the foreclosure suit could have been avoided.
The complainant also objects to the procedure for redemption in this cause, claiming that the court should have referred the matter to a master and now wants the matter referred, notwithstanding all the proofs are before the court. Why, except that additional costs might have been incurred, I cannot understand. The suggestion that the court or vice-chancellor of the court has not as much authority as a master to whom the matter might be referred, is absurd.
The complainant is entitled to the following amounts on redemption: $36.13, with interest at eight per cent. from March 30th, 1918, to date of tender; $35.07, with interest at eight per cent. from May 19th, 1917, to date of tender; actual disbursements and recording fees; costs of suit to date of tender, now taxed at $35.96. I will advise a decree accordingly. *Page 380