This matter is now before the court on complainant's application to strike out an answer and answer in lieu of plea filed in behalf of the defendant John Chopke. Complainant holding tax sale certificates for certain lands situate in the city of Trenton, described in the bill, filed its bill herein to foreclose defendant's right of redemption of such lands. Complainant prays that the defendants be required to redeem said lands, or, in default of redemption, that they be foreclosed of all rights therein. Section 49 of chapter 237 of the laws of 1918, known as "Tax Sale Revision," as amended by chapter 139 of the laws of 1929, provides: "On filing such bill the right to redeem shall exist and continue until barred by the decree of the court of chancery." A memorandum-brief submitted by complainant's counsel recites: "However inartistically and intechnically the defendant Chopke has endeavored to meet the complainant's bill there can be no doubt that the defendant Chopke has until the final decree to redeem." In view of complainant's aforesaid concession I deem it unnecessary to consider and determine the alleged faults of defendant's answer. A consideration and determination thereof would serve no useful purpose herein. Counsel for the respective parties agree that the only question remaining for determination herein is the amount required to be paid on redemption. A master has reported the amount due to complainant upon redemption, and has included therein two items of search fees of $10 each, as expenses. Complainant urges that it is entitled to a search fee and counsel fee commensurate with services rendered by it, in addition to other fees and expenses allowable by law, and relies therefor upon the statute aforesaid which provides inter alia: *Page 299 
"After the bill in equity has been filed, redemption shall be made in said cause only, provided notice of the suit has been filed in the office of the collector of taxes, and the court shall, upon application at any time after bill filed, allow costs, which shall include reasonable fees for an examination of the title to the lands described in the bill filed, disbursements incurred by the purchaser and his counsel, and counsel fees commensurate with the services rendered, in addition to the other fees and expenses in this act provided."
It appears herein that redemption from the tax sales of September 9th, 1926, and September 9th, 1927, for which complainant holds certificate, was sought in behalf of defendant John Chopke prior to the commencement of complainant's suit. The bill of complaint was filed July 20th, 1929. A notice of the filing of the bill was filed with the receiver of taxes of the city of Trenton on August 1st, 1929. Subpoena returnable August 23d 1929, tested August 9th, 1929, was served on the defendant John Chopke August 14th, 1929. Although the filing of the bill of complaint might ordinarily be regarded as indicative of the commencement of a suit, it has been repeatedly held that a suit in chancery is not commenced until process of subpoena is issued after the filing of the bill. Haughwout v. Murphy, 22 N.J. Eq. 531; Hermann v. Mexican Petroleum Corp., 85 N.J. Eq. 367; M.Haupt Co. v. Board of Education of Edgewater, 87 N.J. Eq. 362;Malba Terrace Corp. v. Portaupeck Properties, Inc., 105 N.J. Eq. 453,455. In view thereof it cannot reasonably be urged that the mere filing of the bill of complaint herein and service of notice thereof upon the receiver of taxes suffices to defeat the right of defendant to redeem his property by application to such receiver under statutory procedure relating thereto. If such were to be countenanced, the mere filing of a bill, without issue and service of subpoena, would tend to deprive the property owner of the right to redeem his property except in the cause stated in the bill filed. It is not difficult to surmise many ways in which the property owner would be prejudiced thereby. No notice to bar redemption was given to the defendant, and he had no knowledge of the tax sales mentioned in complainant's bill until July 23d 1929, when he received a letter from complainant's solicitor with respect thereto. Upon receipt *Page 300 
of such letter he caused his attorney to make inquiry of said solicitor, and on July 29th, 1929, he ascertained the nature and extent of complainant's interest in defendant's lands and that said solicitor demanded of the defendant for redemption the sum of $273.07, an amount greatly in excess of the amount then lawfully due and owing to it upon redemption, which amount included items of $80 for title search, and $75 for counsel fee. On August 2d 1929, defendant's attorney made inquiry of the receiver of taxes of the city of Trenton of the amount required to be paid for redemption of the lands in question, and was informed by him that on August 1st, 1929, the complainant had caused to be filed in his office a notice of the filing of the bill of complaint aforesaid, and that in view thereof he was unauthorized to accept any money from defendant's attorney to effect redemption of the lands in question. The proofs disclose that divers efforts were made in defendant's behalf to redeem the property in question. Tenders were made to complainant's solicitor of more than sufficient moneys to satisfy complainant's lawful claims, and such were refused. On August 15th, 1929, a tender was made to the solicitor of complainant of the sum of $102.88, which was more than the amount then required to be paid upon redemption. On August 26th, 1929, defendant's attorney tendered to the solicitor of complainant the sum of $113.10, which was more than the amount then required to be paid upon redemption. In consequence of complainant's refusal to accept such moneys as were tendered to its solicitor in its behalf, defendant caused to be deposited with the clerk of this court $116.76, which was more than necessary to effect redemption. Complainant sought to require the defendant to make payment to it of a sum considerably in excess of the amount it was entitled to under the law. The only tax sale certificate which the complainant was warranted in filing its bill in respect to at the time the bill was filed, was the certificate of September 9th, 1926. Section 46 of the Tax Sale Revision act, supra, provides that an owner, c., may redeem within two years after the sale whether a notice to redeem has been given or not. At the time of the filing of the bill of complaint herein, *Page 301 
and the filing of notice thereof with the receiver of taxes, a period of two years from the date of the 1927 tax sale (September 9th, 1927) had not expired. In view thereof the complainant was unauthorized to file a bill to foreclose under the 1927 tax sale certificate, and the right of defendants to redeem by virtue of the bill filed herein will not be barred. The complainant, by including in its bill of complaint the 1927 tax sale lien, and the filing of notice with the receiver of taxes with respect thereto, deprived defendant of the right to redeem through the receiver of taxes under the 1927 tax sale. The complainant must be content with the grant of the prayer for relief wherein it asks that the defendant pay the amount found due to it.Bourgeois v. Risley Real Estate Co., 82 N.J. Eq. 211; Wittes
v. Repko, 105 N.J. Eq. 241. The rights of complainant herein are governed, as to the defendant's right of redemption, by the laws in force at the time of the tax sale. Harrington Co. v.Jones, 104 N.J. Eq. 377; Wittes v. Repko, 107 N.J. Eq. 132.
As stated in Wittes v. Repko supra, "statutes are to be considered prospective only, unless the language is such as to show clearly that they were intended to have a retrospective effect." The law as it existed at the time of the tax sales of 1926 and 1927 allow to the complainant a statutory fee of only $10 on each purchase. As stated in Rodgers v. Cressman,98 N.J. Eq. 209, a statute which takes away, reduces time for, or otherwise impairs the vested right of redemption, is unconstitutional. The search fee claimed herein by complainant is $112.76. The search was made by an employe of the solicitor. It is not one which may be described as official. See Keiler v.Bunn, 84 N.J. Eq. 519, 522. Aside from section 49 of the Tax Sale Revision act, supra, counsel fees are allowed in the discretion of the court. This court has repeatedly held that such fees would not be allowed when it appears that the case smacks of an effort to obtain an extra few dollars for costs. Harris v.McMurray, 92 N.J. Eq. 1. It is manifest in the case subjudice that the activities of complainant — and especially after July 29th, 1929, when defendant made known his desire to redeem — was to impose additional expense upon defendant, and such activities were unwarranted and unconscionable. *Page 302 
In Harrington Co. v. Jones, supra, Vice-Chancellor Berry says: "The only issue is as to the amount required for redemption. The sales were made pursuant to the 1903 Tax act and the laws in force at the dates of the sales control. Rodgers v.Cressman, supra. Complainant urges chapter 273 (P.L. 1916 p.580) and chapter 211 (P.L. 1928 p. 382), as authority for the items of search fee and counsel fee in its statement of the amount required for redemption. Obviously, the 1928 act does not apply. The 1916 act limits the amount of search fees to $10. * * * Counsel fees are in the discretion of the court. Harris v.McMurray, supra. No counsel fees will be allowed, as this suit smacks of an effort `to obtain an extra few dollars in costs' as was suggested by the chancellor in Harris v. McMurray,supra." In my judgment the rule of law above stated is applicable to the matter sub judice. The tax sale liens in question were created under the Tax Sale act of 1918. I am of the opinion that no such search fee or counsel fee as is sought by complainant herein should be allowed — even though chapter 139 of the laws of 1929 were to be regarded as applicable hereto. Search fees and counsel fees allowable under section 49 of the "Tax Sale Revision," as amended by chapter 139, (P.L. 1929), relate only to tax sales subsequent to the passage of the amendatory act, in suits for the foreclosure of the owner's right of redemption, because an amendatory act, like other legislative enactments, takes effect only from the time of its passage and approval, and has no application to prior transactions, unless an intent to the contrary is expressed in the act or is clearly to be implied from its provisions. In re St. Michael's Church, 76 N.J. Eq. 524.
I will advise an order denying the complainant's application to strike out the answer and answer in lieu of plea filed in behalf of the defendant Chopke, and as the complainant has conceded the right of said defendant to redeeem the premises described in the bill of complaint, upon payment to it of the amount required to be paid by law, and the question of the allowance of the search fee and counsel fee urged by complainant as allowable to it under chapter 139 of the laws of 1929 has been fully argued and is herein determined adverse *Page 303 
to complainant, I will advise a decree that the complainant cancel and discharge the tax sale certificates described in the bill of complaint upon the defendant making payment to complainant of the amount stated in the master's report aforesaid. No costs or counsel fees will be allowed herein to either of the parties.