HARRINGTON COMPANY, complainant-appellant,

*v.*

JOHN CHOPKE, sometimes known as JOHN CHOPKO, defendant-respondent.

[Argued February 9th, 1932. Decided May 16th, 1932.]

*Mr. Adolf L. Engelke,* for the appellant.

*Mr. Amos M. Waln,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The bill of complaint in this cause was filed for the strict foreclosure of two tax liens held by the complainant against the lands of the defendant, lying in the county of Mercer, the proceeding being taken under an act entitled "An act concerning unpaid taxes, assessments and other municipal charges on real property, and providing for the collection thereof by the creation and enforcement of liens thereon" (Revision of 1918; *P. L. 1918 p. 883*), and the supplements and amendments thereto.

The complainant twice purchased the lands of the defendant, the first time on September 9th, 1926, and the second time on September 9th, 1927, being respectively for the un-

paid taxes for the years 1925 and 1926. The amount of the purchase in 1926 was $13.03 and that in 1927 was $16.72.

The bill of complaint was filed July 20th, 1929; subpœnas were tested as of August 9th, and served upon the defendant August 14th, 1929. On August 1st, 1929, notice of the filing of the bill was lodged with the receiver of taxes of the taxing district in which the lands are situated and on July 23d, 1929, a *lis pendens* was filed in the office of the clerk of Mercer county.

It appears that the first notice that respondent had that the appellant had any interest in his lands was through a letter from its solicitor under date of July 19th, 1929, which, in fact, did not disclose such interest but was merely an inquiry as to whether respondent was the party who purchased lands "on the northeasterly corner of Paul avenue and Nassau street in Trenton, this state, from Mary M. Sholtis, on February 10th, 1922." Enclosed with such letter was a short questionnaire which respondent was requested to answer and return. This letter was answered by the attorney for respondent on July 24th, 1929, to the effect that the object of the inquiry was not understood and requesting information as to the use to be made of the information called for. This was answered by a letter from the solicitor of the appellant to the attorney of the respondent under date of July 25th, 1929, which advised that the proceeding in question had been commenced to foreclose a tax lien on the lands of the respondent; that the purpose of the previous letter was to locate the present owner of the lands so that he could be notified of the pendency of such suit, and inquired of the attorney for respondent if he was in a position to acknowledge service for him and his wife, and if not subpœnas and tickets would be forwarded to the sheriff of Mercer county for service.

This appears to have brought a telephone message from the attorney of respondent to the solicitor of the appellant, which the latter answered by letter of July 29th, 1929, showing the total amount claimed to be due from respondent as $273.07.

This was made up as follows:

| | |
|---|---|
| Taxes 1925 | $29.73 |
| Taxes 1926 | 43.08 |
| Court costs approximated | 23.06 |
| New Jersey supreme court and U. S. district court searches | 10.20 |
| City tax search | 2.00 |
| Title search | 80.00 |
| Counsel fee | 75.00 |
| | $273.07 |

The letter further advised that upon receipt of this amount the two certificates of sale which were the basis of the proceeding endorsed for cancellation, a discharge of the *lis pendens* and a consent to the dismissal of the foreclosure proceeding would be forwarded to the attorney of the respondent. The letter also stated that the city tax search which had been procured in the matter disclosed that the 1925 and 1926 taxes "had been sold to an individual" (being appellant, although not naming it as such purchaser) at eight per cent. interest and that the 1927 taxes "were sold to the city" at seven per cent. and that the taxes for 1928 and 1929 were unpaid and delinquent and that there was a lien for street improvement assessed June 21st, 1929, and that further proceedings would be withheld until August 5th.

Respondent, by his attorney, appears to have made inquiry of the receiver of taxes as to the amounts due appellant and was informed that the amount due for the sale for taxes of 1925 was $13.03 and interest at eight per cent. from September 9th, 1926, and for the taxes of 1926, $16.72 and interest at eight per cent. from September 9th, 1927, together with a search fee of $10 on each sale.

On August 2d, 1929, respondent, by his attorney, went to the receiver of taxes for the purpose of making redemption by the payment of the amount due and was advised by that officer that he could not receive the money and bring about a redemption because notice of the filing of the bill to foreclose had been served upon him the previous day, August 1st.

On August 15th, 1929, a tender, in behalf of the respondent, was made to the solicitor of the appellant of the sum of $102.88 and was refused.

On August 24th, 1929, another tender of $113.10 was made and refused and on September 3d, 1929, the sum of $116.76 was paid into court and received by the clerk.

On August 8th, 1929, a notice was given of a motion to strike out the bill of complaint. This motion was denied August 22d, 1929.

On August 12th, 1929, a petition by the respondent was filed, having been served August 8th, praying that the amount necessary to be paid to redeem his lands be fixed and ascertained. This apparently came on before an advisory master and was denied August 16th, 1929.

On September 4th, 1929, respondent filed an answer and an answer in lieu of a plea.

A motion was made to strike out these pleadings and on October 7th, 1929, such motion was continued to October 21st, 1929, and the matter referred to a master to ascertain and report, on or before October 17th, 1929, the amounts due the appellant.

The master reported that there was due appellant for the taxes of 1925, the sum of $28.24 and for the taxes of 1926, the sum of $30.84, making a total sum due of $59.08.

The matter seems to have remained dormant from the time of the master's report, October 17th, 1929, until April 6th, 1931,. when upon, and by, notice from counsel of respondent the matter was noticed to be brought on before a vice-chancellor on April 20th, 1931, to fix and determine the amount to be paid by the respondent to redeem his lands from the sales in question. The vice-chancellor filed his conclusions May 14th, 1931, and advised a decree based thereon, under date of June 20th, 1931, decreeing that upon the payment by respondent to the appellant of the sum of $59.08, the amount found due by the master, the appellant deliver up to the respondent the certificates of sale, endorsed for cancellation; that the motion to strike out the answer be denied

and that no costs or counsel fees be allowed to either party; that the clerk of the court deduct from the sum of $116.76, deposited with him by the respondent, the sum of $59.08 paying that sum to the solicitor of the appellant and the balance to the solicitor of the respondent; that the solicitor of appellant execute a warrant for the discharge of the *lis pendens* filed in the office of the clerk of the county of Mercer and it appearing to the court that such determination of the matter and the concession of the appellant that the respondent is entitled to redeem the premises upon the payment of the sum herein found is dispositive of its bill of complaint, it therefore became unnecessary to hold such bill for final hearing and the same was decreed to be dismissed upon respondent complying with the requirements of the decree.

From this decree the complainant below appeals and advances, and argues, six grounds for reversal.

It is unnecessary to take these up *seriatim,* or in their entirety. Neither was it necessary to give, in the great detail which they have been given, the facts and the procedural steps in the proceeding in the court below, except to plainly and definitely present the matter as it was before the court below and to make obvious our findings upon this review.

Our conclusion is that there is but one question involved and that is whether or not the proceeding is controlled by chapter 211 (*P. L. 1928,* as amended by *P. L. 1929 ch. 139,* § *49*), providing, "after the bill in equity has been filed, redemption shall be made in said cause only, provided notice of the suit has been filed in the office of the collector of taxes, and the court shall, upon applicaton at any time after bill filed, allow costs, which shall include reasonable fees for an examination of the title to the lands described in the bill filed, disbursements incurred by the purchaser and his counsel, and counsel fees commensurate with the services rendered, in addition to the other fees and expenses in this act provided * * *."

Our conclusion is that the present proceeding is not controlled by this legislation, and whether or not such legisla-

tion is mandatory, or discretionary, in a proper case, is presently of no moment.

We reach our conclusion for two reasons. First, because this court has held that statutes of this character are to be "considered prospective unless the language is such as to show clearly that it was intended to have retrospective effect." *Wittes* v. *Repko, 107 N. J. Eq. 132.*

This court there was construing section 49 of the Tax Sale act of 1928, page 382, which, with respect to the matter here under consideration, is identical with its amendment of *P. L. 1929 p. 241.* Both enactments contain the provision: "This provision shall be liberally construed as remedial legislation to encourage the barring of the right of redemption by suits in the court of chancery."

The amendment of 1929 is, therefore, not retroactive and consequently the prior holdings of this court respecting the construction of the Tax Sale act of 1918 remain effective and controlling.

Second, this court has held that the right to redeem from sales for unpaid taxes is controlled by the laws in force at the time of the tax sale. *Harrington* v. *Jones, 104 N. J. Eq. 377; affirmed, 106 N. J. Eq. 280; Wittes* v. *Repko, 105 N. J. Eq. 241; affirmed, 107 N. J. Eq. 132.*

The statute in force at the time of these sales was chapter 237 (*P. L. 1918 p. 883* § *49*), of which providing for the filing of a bill in equity to foreclose the right of redemption, makes no such provision for costs, search fees, expenses and counsel fees as *P. L. 1928 p. 382,* and its amendment, *P. L. 1929 p. 241.*

For these reasons we conclude that the decree under review was justified and should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.