Complainant's bill is to foreclose a tax sale certificate — and on being served, came in to redeem. He is offered in redemption the face of the tax sale certificate and the interest thereon, together with complainant's actual disbursements and a search fee of $10, but declines to pay a counsel fee.
The present motion (noticed before the chancellor, and by the latter orally referred to me) is for an order allowing counsel fee to complainant.
The property in question was sold for taxes in 1927 for the unpaid taxes for the year 1925 — under the Tax act of 1918. The present bill was filed in 1933.
It is obvious that the work in making or obtaining and examining searches, preparing the bill, instituting suit and attention to proper service upon the defendants is considerable, and that the lowest reasonable charge which complainant's solicitor could be expected to make to complainant therefor would be far in excess of the amount tendered by the redeeming defendant, in that behalf. Aside from complainant's *Page 2 
actual disbursements, the redeeming defendant tenders only $27.75 — of which $10 is a search fee provided for by statute and $17.75 interest on complainant's outlay at eight per cent. Considering two per cent. of this as profit to the complainant, the redeeming defendant offers less than $15 to complainant, which is clearly a sum very much less than the lowest fee for which any lawyer would perform these services for his client.
Complainant therefore will be considerably out of pocket on the transaction, if not allowed reasonable counsel fee.
If complainants in these cases be not allowed a reasonable counsel fee the buying at tax sales will be discouraged. Persons will not bid at tax sales if they believe that such transactions will, or may, result in their being considerably out of pocket. If purchase at tax sales is discouraged, municipalities will be thus deprived of the opportunity to collect their taxes — and such collection is obviously a public necessity.
The legislature found it necessary to express this public policy definitely in the Tax acts of 1928 and 1929 (P.L. 1928ch. 211; P.L. 1929 ch. 139 § 49); but the situation of course existed prior to the passage of those acts.
The Tax act of 1918, under which the present sale was held, does not provide for the payment of counsel fees and provides a limited payment of $10 for search fees. In Harris v. McMurray,92 N.J. Eq. 1; 116 Atl. Rep. 702, it was held that, under the act of 1918, no greater sum than the $10 fee could be awarded in the taxed bill of costs, for searches; and that no such allowance for searches should be made by indirection by including it in an award of counsel fee. This case, however, does not hold that no allowance of counsel fee (for services outside of searches) can, or should, be made in cases arising under the 1918 act.
In the instant case, therefore, complainant is not entitled to any more than the $10 fee for the searches. This the complainant recognizes; he does not ask for any greater allowance for searches. He does ask an allowance for counsel fee for services outside of the searches.
The power and right of this court to award such counsel *Page 3 
fee is clearly comprised under the legislative authority of theChancery act of 1902, section 92, and the Chancery act of1915, section 6. See, also, Harris v. McMurray, supra.
The reasons why the counsel fee should be allowed in cases like the present have already been mentioned herein. Of course such allowance is not mandatory, and the circumstances of such cases may well be such as to lead to a refusal of such allowance.Harrington Co. v. Chopke, 108 N.J. Eq. 297; 154 Atl. Rep. 849;110 N.J. Eq. 574; 160 Atl. Rep. 335.
In the instant case, however, there are no circumstances which would lead to a refusal of counsel fee. The redeeming defendant contends that the allowance of such counsel fee will be a hardship upon him. The answer to that is that the refusal of counsel fee would be a hardship upon complainant and that the present situation of the defendant is due to his own long-continued negligence. The tax sale was held in 1927 for unpaid taxes of 1925. The defendant therefore has had eight years in which he could have paid these taxes or redeemed from the tax sale, but has either negligently failed to ascertain the situation as to the taxes during all that time, or has knowingly sat by until the last minute.
Defendant contends that the case of Harrington v. Chopke,supra, is authority for the contention that the counsel fee cannot be allowed in the instant case. Not so. The determination in this court in that case was that counsel fees should not be allowed under the circumstances of that case. The determination on appeal was that the determination in this court was correct and that there was no legislation which compelled this court to award a counsel fee in such cases.
In the present case in addition to the services of counsel already mentioned, prior to the present motion, complainant's counsel had been compelled to attend here at Trenton upon the present motion and argue the same and to prepare and submit brief thereafter. Under all the circumstances, a counsel fee of $75 will be allowed. *Page 4