The sole question before the court on this application is as to whether costs shall be allowed against defendants as a *Page 526 
condition of a redemption from a tax lien of complainant. It is contended on behalf of defendant Rossi that on March 1st, 1935, the tax lien department of complainant was notified of the intention of Rossi to redeem and a request was then made for a statement of the amount due. This suit to foreclose a tax lien was filed on March 7th, 1935, and defendant Rossi immediately protested against the demand on behalf of complainant that he pay costs and a counsel fee in addition to the amount of a tax as a condition of a discontinuance of the suit.
There was some disagreement as to the versions as to just what was the extent of the negotiations prior to the filing of the suit, but I am inclined to accept the statement of the counsel for Rossi that before the suit was filed he indicated an intention to pay the amount of the tax. Both sides agree that an inquiry was made from the tax collector's bureau as to the amount then due, although there seems to have been a misunderstanding as to the exact figures given at that time. It may well be that the tax bureau misunderstood the purpose of the inquiry, and in no event is any bad faith imputed to the action of complainant.
In tax lien foreclosure matters, as in other suits in this court, the imposition of costs is discretionary with the court.Harris v. McMurray, 92 N.J. Eq. 1; Harrington Co. v. Jones,104 N.J. Eq. 377. Under the circumstances found here, where the foreclosure suit seems to have been brought while the defendant was proposing to adjust the matter, to impose costs upon him would seem inequitable and costs are therefore disallowed. *Page 527