73 N.J. Super. 8 (1962)
178 A.2d 668
GOVERNMENT SECURITY CO., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
JAMES NASSO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1962.
Decided March 12, 1962.
*9 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Abraham I. Mayer argued the cause for appellant (Messrs. Mayer and Mayer, attorneys).
Mr. Saul A. Wittes argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from a Chancery Division order awarding plaintiff a counsel fee of $175 in its tax foreclosure action. Although the notice of appeal also challenged the allowance of $70.68 for search fees, defendant does not press the matter and is apparently satisfied that this allowance was proper.
On December 16, 1958 the Bridgewater Township Collector of Taxes sold defendant Nasso's premises on Route 29 at Greenbrook for taxes remaining unpaid for the year 1957, in the sum of $228.25. The property was struck off and sold to plaintiff for the sum of $267.96, representing the unpaid taxes, together with interest and costs, subject to redemption at the rate of 8%. The tax collector's certificate of sale was duly recorded.
On March 21, 1960 plaintiff's present counsel sent notice to defendant by certified mail, addressed to 413 Halsey Street, Newark, N.J., the address given on the tax duplicates, notifying him of plaintiff's intention to institute a tax *10 foreclosure action. N.J.S.A. 54:5-86 provides that such an action may be brought at any time after the expiration of two years from the date of tax sale. Defendant appeared at the attorney's office in response to the notice and was informed as to the statutory redemption period. Defendant explained that he was heavily involved in real estate investments and short of cash, and would pay the amount due on the tax sale certificate before the two-year period expired. He did not do so, with the result that plaintiff filed its complaint on May 16, 1961.
Defendant not having contested the action, plaintiff's attorney in regular course filed his affidavit and request for entry of default by the Superior Court Clerk. He then proceeded to obtain an order fixing the sum due plaintiff and the time and place for defendant to redeem. Such an order was advised by Standing Master Donnelly on August 3, 1961. The amount due on the tax sale certificate was fixed at $344.59, based on an affidavit filed by plaintiff's vice-president, setting out in detail the amount paid for the certificate, interest from date of sale, statutory fees and expenses incurred, and a 2% statutory penalty. See R.S. 54:5-61.
We take special note at this point in our factual exposition that there was nothing in the vice-president's affidavit or in any of the pleadings to show that written notice had been given defendant of the intention to institute a tax foreclosure action. Under R.R. 4:55-7(f), adopted March 19, 1953, no counsel fee may be allowed a plaintiff other than a municipality unless, prior to the filing of the complaint, plaintiff "shall have given 30 days' written notice to the interested owners and mortgagees whose interests appear of record, by registered or certified mail, * * * of intention to file such complaint." The notice must contain the amount due on the tax lien as of the date of the notice.
R.R. 4:55-9(b) similarly provides that a notice like that required by R.R. 4:55-7(f) be sent where a non-municipal plaintiff seeks allowance for search fees.
*11 The function of processing tax foreclosures has been assigned, under R.R. 4:82-1, to the standing master appointed by the Supreme Court. Hundreds of tax foreclosures pass across his desk in the course of a year. The regular practice has been for an attorney, on an application for the order of redemption, to submit proof to the standing master of the amount due on the tax sale certificate, including interest, statutory fees and expenses, and the 2% statutory penalty, as here, and also to request that he fix allowances for a counsel fee, under R.R. 4:55-7(f), and search fees, under R.R. 4:55-9.
Had plaintiff's attorney, by affidavit or otherwise, called to the standing master's attention that he had given the 30-day notice required by the rule, the counsel fee and allowance for searches would have been fixed in the order entered August 3, 1961. The practice of the standing master, as reflected in the court files, has been to allow only a $50 counsel fee in tax foreclosure actions, except in an occasional case where the foreclosure required unusual services, when a larger fee was granted. This practice accords with R.R. 4:55-7(f), which reads:
"In an action to foreclose a tax certificate or certificates, the court may award a counsel fee not in excess of $50 except for special cause shown by affidavit. * * *"
R.R. 4:55-7 is the exclusive source for the allowance of counsel fees, the inherent power of the former Court of Chancery to control such allowances having been superseded. Bank of Commerce v. Markakos, 22 N.J. 428, 431-2 (1956); State v. Otis Elevator Co., 12 N.J. 1, 7 (1953). When the Supreme Court first promulgated the counsel fee rule, it adopted the policy that the interests of sound judicial administration would best be served by having every litigant bear his own counsel fee except in a few specially designated situations. Janovsky v. American Motorists Ins. Co., 11 N.J. 1, 7 (1952). Counsel fees allowed under the rule and under former statutes are costs taxable between party *12 and party, as distinguished from those which are the result of an agreement between client and attorney. See Strong & Sons v. Mundy, 52 N.J. Eq. 833, 835 (E. & A. 1894), which dealt with a predecessor statute regulating fees. Any counsel fee awarded under R.R. 4:55-7 is allowed to the client but belongs to the attorney. See Columbia Insurance Co. v. Artale, 112 N.J. Eq. 505, 509 (Ch. 1933), affirmed 114 N.J. Eq. 268 (E. & A. 1933); Klein v. Journal Square Bank Bldg. Co., 114 N.J. Eq. 510, 512 (Ch. 1933).
The attorney did not alert the standing master to the fact that the 30-day notice of intention to foreclose had been given. He failed to have the standing master fix the counsel fee and search fees and to have his costs taxed prior to the date fixed for redemption. Thus, the attorney in effect by-passed the judicial officer whose duty it is in these cases to enforce the provisions of R.R. 4:55-7(f) and 4:55-9. The standing master, by reason of long experience, is well acquainted with the practice and with the purpose of the rule, which is strictly to limit the counsel fee to no more than $50 in the ordinary case, as well as to scrutinize the search fees requested and to make a reasonable allowance therefor.
At the time original Rule 3:54-7(f), now R.R. 4:55-7(f), was adopted, the recommendation of the Rules Committee appended to the text submitted to the Supreme Court called attention to the fact that the provision as to notice prior to the filing of the complaint was taken practically verbatim from R.S. 54:5-96, and was absolutely necessary to keep a foreclosing tax certificate owner "from building up large expenses." The statute, said the committee, had been enacted to do away with the mischief which characterized the operations of some tax title companies. See Harrington Co. v. Jones, 104 N.J. Eq. 377 (Ch. 1929), affirmed o.b. 106 N.J. Eq. 280 (E. & A. 1930); Harrington Co. v. Bogert, 104 N.J. Eq. 92 (Ch. 1929), affirmed o.b. 104 N.J. Eq. 493 (E. & A. 1929); Harrington Co. v. Chopke, 108 N.J. Eq. 297 (Ch. 1931), affirmed 110 N.J. Eq. 574 (E. & A. 1932).
*13 R.S. 54:5-96 was repealed by L. 1953, c. 51, § 49, p. 901, allowance of search fees and counsel fees being left to rule of court. The present rules, like the prior statute, were enacted to give the court control of these allowances, so that a plaintiff could not impose additional and unnecessary expenses upon defendants. The provisions of these rules cannot be evaded by a plaintiff attempting to negotiate with a defendant prior to redemption, as to counsel fees, search fees, costs, etc. If the rules are to achieve their purpose, application for allowances should be made to the standing master in regular course; resort to a Chancery Division judge should be the exception.
The order advised by the standing master fixed September 5, 1961 at the office of the Bridgewater Township Collector of Taxes as the time and place for redemption. Defendant did not appear. We learn from plaintiff's brief that its attorney then advised defendant he would accept $231.60 in settlement of all foreclosure fees, costs and disbursements. It is clear that included in this sum was a counsel fee of $200, because, as will soon appear, the attorney's disbursements amounted to $31.75. Defendant was apparently unwilling to pay a fee of that size, because he served notice on plaintiff's attorney that he would appear before the Chancery Division judge on November 10, 1961 for an order fixing the total amount due plaintiff, including interest, costs, fees and disbursements, and that upon determination of that amount by the court he would forthwith pay it.
Upon receipt of defendant's notice plaintiff's attorney filed a detailed affidavit in which, for the first time, he mentions that notice of intention to commence foreclosure proceedings had been given defendant on March 21, 1960. The affidavit contains an itemized statement of fees and charges actually and necessarily incurred in searching the title, R.R. 4:55-9 (a). And see N.J.S. 22A:4-12, but cf. Keiler v. Bunn, 84 N.J. Eq. 519, 522 (Ch. 1915). The attorney also set out the services he had performed in *14 connection with the foreclosure, and requested a counsel fee of $175 in addition to search fees. At the time he presented this detailed affidavit to the Chancery Division judge, he also handed up an affidavit of disbursements covering the cost of filing the complaint and lis pendens, and sheriff's fees, totalling $31.75. Also filed with the judge were proof of mailing the notice of time and place to redeem and the tax collector's affidavit of nonredemption. The court allowed $70.68 in search fees, and $175 as a counsel fee, the amounts requested by plaintiff's attorney.
Defendant has given the tax collector a certified check for $355.02, representing the redemption amount due on the certificate, but nothing for costs, counsel fee or search fees. The taxed bill of costs, based on the order under review, shows that defendant would have to pay plaintiff $327.43 in addition to the $355.02, if he is to satisfy the orders heretofore entered and so redeem his property.
We disapprove the procedure followed by the foreclosing attorney in this case in not having had his search fees and counsel fee fixed by the standing master. He knew the exact amount taxable as search fees at the time he applied for his order fixing the sum due on the tax certificate and the time and place of redemption. He was also in a position to detail the services he had rendered up to that time. Such services as might be required for the redemption phase of the proceedings to follow  a step which must invariably be taken  are always considered by the standing master in fixing the counsel fee. Instead, the attorney tried to obtain a $200 counsel fee from defendant and then had the fee, as well as the search fees, fixed by the Chancery Division judge. It does not matter that it was defendant who moved to have the judge fix those allowances; one can rest assured that a foreclosing attorney would have done so in any event, unless he chose to forego any reimbursement for title searching or the $50 counsel fee usually allowed.
*15 We have reviewed plaintiff's attorney's affidavit of services and find nothing therein which would take this case out of the category of a run-of-the-mill tax foreclosure action. It presented no real difficulties. We are of the opinion that plaintiff's affidavit does not show any "special cause," as required by the rule. If, as plaintiff argues, defendant delayed redemption, plaintiff is adequately protected in its investment under the rules and the statute by an award of interest, costs and disbursements.
Although this appeal involves only a small sum, it directly touches upon the policy and practice under our rules relating to counsel fees and search fees, R.R. 4:55-7(f) and 4:55-9. Plaintiff's counsel fee will be reduced to $50 and the matter remanded for the entry of an order reflecting this amount. Costs to defendant.