LEHIGH VALLEY HARBOR TERMINAL RAILWAY COMPANY, RELATOR, v. THE CITY COLLECTOR OF JERSEY CITY ET AL., RESPONDENTS.

Argued June 3, 1919—Decided November 5, 1919.

1. Leaving out of consideration the Tax act of 1918, page 847 (which has no application to the present case), under section 43 of the General Tax act of 1903 (*Comp. Stat., p.* 5126), taxes in arrears bear interest at seven per cent. per annum, from December 20th of the year of the levy down to the time of payment, unless the governing body of the taxing district has fixed a higher rate (not exceeding twelve per cent.), and where no higher rate was fixed, an owner of lands, bought about 1916, who, in 1917, paid the collector the principal of the taxes assessed against it for the years 1903 to 1912, inclusive, together with interest thereon at seven per cent. from December 20th of the year of levy down to the date of payment, is entitled to have such taxes canceled.

2. *Mandamus* is the proper remedy to compel the cancellation of taxes on payment of the correct amount due.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the relator, *Gilbert Collins.*

For the respondents, *John Bentley* and *John Milton.*

The opinion of the court was delivered by

TRENCHARD, J. Some time prior to December 21st, 1916 (the exact date not appearing), the relator purchased certain lands in Jersey City on which taxes were in arrears. On the day mentioned, the relator desired to pay the taxes, and did so; but for the years from 1903 to 1912, inclusive, the city collector, although receiving the principal and interest at the rate of seven per centum per annum, from the 20th day of December of the year of the levy down to the time of payment, refused to receipt the tax bills in full or to cancel the assessments on his books.

On July 20th, 1917, the relator obtained this rule to show cause why a *mandamus* should not issue commanding the cancellation of the taxes. Just why the matter was not brought up in this court for argument more promptly does not appear.

We are of the opinion that the writ should issue.

The reason for the collector's refusal was his notion that he was entitled to demand ten per centum interest per annum.

But that notion was erroneous. The rate prior to 1903 was ten per centum under an act approved February 5th, 1878 (*Pamph. L.,* p. 12; *Comp. Stat.,* p. 5176, *pl.* 198), but that act was superseded by the General Tax act of 1903, which expressly repealed all inconsistent laws. *Pamph. L.* 1903, p. 435, § 66.

The rate of interest for taxes in arrear for the years in question—we are not here concerned with the Tax act of 1918 (*Pamph. L.,* p. 847)—is regulated by section 43 of the General Tax act of 1903. *Comp. Stat.,* p. 5126. It provides that

"where any taxes shall not be paid on or before the twentieth day of December following their assessment, interest thereon from and after that date' shall be added at seven per centum per annum, or at such higher rate not exceeding in the whole twelve per centum per annum as the governing body of the taxing district may fix." In Jersey City the governing body never fixed any higher rate of interest on taxes.

The defendants contend that relief should be denied because of "a lack of diligence on the part of relator and its predecessor in title to the disadvantage of the city."

We see no merit in the contention.

With respect to the argument that the city was prejudiced by reason of the fact that some of the individuals who served upon the various boards of finance (the governing body) from 1903 to 1913 are now dead, it is sufficient to say that we think that it is immaterial, in a legal sense, in view of the fact that so far as appears in the state of the case there was no pretence that the governing body at any time had fixed any higher rate than seven per centum, nor was there any proof or attempt to prove any such action.

But it is contended that if the relator, or its predecessor in title, "had made its demand seasonably, the city could have acted and protected itself with respect to future years," and hence the relator should be denied relief.

We think that contention must be decided adversely to the city. In *Ford Motor Co.* v. *Kearny,* 91 *N. J. L.* 671, the town had furnished water to the premises for some three years on the order of the tenant, without the landlord's knowledge. The court said that it was the duty of the town, under the facts of that case, to shut off the water after the first bill was unpaid. In the case in hand, it was the duty of the city under the Tax law to advertise the land for sale, and had it done so, making a claim of interest at ten per cent., the landowner would have been apprised of this unfounded claim and could have resisted it successfully. We are unable to perceive how a landowner by simply permitting taxes to accumulate can be deprived of his rights, nor how delay in payments can authorize the addition of an unauthorized penalty. He knows what the statutory penalty is, and, as to

the taxes now involved, it is seven per cent. per annum. When the new owner wished to clear the property and paid the taxes and lawful penalties, the city collector was bound to cancel the tax liens, and on his refusal to do so, of course, *mandamus* lies against him. *Hoboken, &c., Railroad Co.* v. *Hoboken,* 76 *Id.* 122.

Since there has been a full hearing on the rule to show cause, a peremptory writ of *mandamus* should issue, with costs.