Complainant, a municipal corporation, filed its bill to foreclose fifty-six tax certificates, covering as many different parcels of land, which it held and all of which it had acquired at a tax sale conducted by its collector in 1932 for taxes due to it, but unpaid, for the years 1929 and 1930. Thereafter such proceedings were had on said bill that an order was duly made referring the matters therein involved to a master of this court, who has since made his report, the confirmation of which complainant now moves together with its application for an allowance of a counsel fee.
The findings and report of the master substantially are that complainant has established the allegations of its bill, that there is due to it, up to the date of said report, the sum of $31,653.47, and that complainant should be allowed, as part of its taxed costs, the sum of $182.35 which it necessarily *Page 95 
expended in procuring the necessary searches against or in relation to the titles of the lands or premises which it, by its said suit, sought to foreclose. No objections have been made or filed to the confirmation of this report, which in all matters appears to be correct and which will, therefore, be approved and confirmed.
Complainant's counsel also now move their application for an allowance of a counsel fee commensurate with the services which they have rendered. The power of this court to award counsel fees in proper cases is one that has been long recognized, exercised and never successfully questioned. Express recognition and a considerable widening of this power of the court may be found in the provisions of P.L. 1915 ch. 116 § 6. And in cases such as the one at bar, the legislature, by section 49 of the Tax Sale revisions as amended in 1928 and 1929 (P.L. 1928 ch. 211 andP.L. 1929 ch. 139) clearly and unmistakably expressed its intent that the purchaser at a tax sale, especially if such be the municipality itself, should, in addition to all of its proper costs and disbursements, be allowed a counsel fee commensurate with the services rendered by counsel in connection with the foreclosure of the tax title or lien, as is clearly manifested by the following language of that enactment:
"After the bill in equity has been filed redemption shall be made in said cause only; provided, notice of the suit has been filed in the office of the collector of taxes; and the courtshall, upon application at any time after bill filed, allow costs, which shall include reasonable fees for an examination of the title to the lands described in the bill filed, disbursements incurred by the purchaser and his counsel, and counsel feescommensurate with the services rendered in addition to the other fees and expenses in this act provided."
By the foregoing statutory enactment, the legislature clearly and definitely formulated and proclaimed the public policy of this state, in cases such as that now under consideration, to be that this court, in the absence of impelling circumstances to the contrary, should allow, in addition to all the other necessary and proper allowances, a counsel fee that will be commensurate with and fully compensate counsel for the services rendered, to the end that the municipality *Page 96 
be thereby relieved from the necessity of compensating its counsel out of the public funds. To place any other meaning or construction upon this act would, as was aptly pointed out by Vice-Chancellor Berry in Township of Long Beach v. Daniel B.Frazier Co., 10 N.J. Mis. R. 918; 161 Atl. Rep. 677; affirmed,112 N.J. Eq. 329, be tantamount to sanctioning an unequal distribution of the burdens of taxation and saddling upon innocent taxpayers who have paid their taxes promptly the sharing of "the costs and expenses incident to the delinquencies of their neighbors."
If, as was indicated by Vice-Chancellor Buchanan in Wiltsie
v. Belenski, 114 N.J. Eq. 1, a counsel fee commensurate with the services rendered were not allowed to complainants in tax title foreclosure proceedings, "the buying at tax sales will be discouraged" with the result that "municipalities will be thus deprived of the opportunity to collect their taxes," the collection of which is an obvious necessity.
In accordance with the pronounced public policy of this state, I am fully satisfied that, in the absence of precluding circumstances, this court is in duty bound, in cases such as thatsub judice, to allow such counsel fees as will be commensurate with the services rendered and fully compensate counsel therefor.
As indicated by counsel's affidavit filed herein, their services consisted of extensive correspondence and negotiations, coupled with several trips to and conferences at New York with the owners of the property in question for the purpose of endeavoring to amicably adjust the entire tax lien pursuant to the provisions of chapter 70 (P.L. 1933), in order to obviate the necessity of instituting foreclosure proceedings thereon; in examining and checking up on the searches on each of the more than fifty lots involved in the proceedings; in the drawing of the foreclosure bill and the subsequent prosecution of the proceedings thereon. Considering the character and extent of these services, as well as the amount of the tax liens here involved, $750, the amount requested, is reasonable and commensurate with the services rendered, and, therefore, will be allowed to them. There will be an order accordingly. *Page 97